## BYERS et al. v. BRINLEE et al.

No. 20656. Opinion Filed March 15, 1932.

Rehearing Denied April 26, 1932.

Binas Hostettler and Hugh Murphy, for plaintiffs in error.

Orr & Woodford and Turner & Lucas, for defendants in error.

RILEY, J. This is an action commenced January 3, 1928, by defendant in error Mary Ethel Brinlee against plaintiffs in error to quiet title to 80 acres of land in Hughes county. She claims title in herself acquired as follows: That Samuel B. Byers died on or about February 1, 1918, possessed of the legal title; that Delinda C. Byers was the wife of said Samuel P. Byers, and that the land had been acquired by their joint industry during coverture; that at his death Samuel P. Byers left surviving him two brothers, Webb Byers and William Byers, and his wife, Delinda C. Byers; that he died intestate without issue and that by reason of the land having been acquired by the joint industry of Samuel P. Byers and Delinda C. Byers, husband and wife, it was inherited solely by the widow, Delinda C. Byers; that Delinda C. Byers at her death left surviving her, as her sole and only heir, her daughter, Mary Jessie Russell, who in-

herited the entire title and thereafter by warranty deed conveyed the land to the plaintiff, Mary Ethel Brinlee. She alleged that said Webb Byers and William Byers were claiming some right, title, and interest in the land, which claim constituted a cloud upon her title.

Webb Byers and William Byers filed their joint answer and cross-petition in which they set up and claimed an undivided one-half interest in the land as surviving brothers and heirs at law of Samuel P. Byers, deceased, and prayed that the title thereto be quieted in them.

Thereafter they filed a motion asking that the I. T. I. O. Company, Crude Oil Company, Rogers Oil & Gas Company, G. S. Stilwell, Frank Kibby, Jack Davis, Howard Stuckee, Oscar Irwin, W. J. Haning, W. G. Rogers, B. H. Rogers, John Turner, L. L. Ruark, and Mary Jessie Russell be made parties defendant, alleging that each of said parties claimed an interest in said land adverse to their claim which was inferior to their title and constituted a cloud thereon. Said motion was sustained and all of said parties were served with summons.

B. H. Rogers filed a disclaimer; Frank Kibby, John E. Turner, Jack Davis, W. G. Rogers, Rogers Oil & Gas Company, W. L. Haning, Crude Oil Company, and the I. T. I. O. Company, all appeared and set up claims, all of which recognized the title of Samuel P. Byers, and all parties claimed from this common source. The nature of the claims of each of the parties appear from the agreed statement of facts hereinafter referred to.

The decree was against defendants Webb and William Byers, and they appeal.

The cause was tried to the court upon an agreed statement of facts which shows, in substance, that Samuel P. Byers died intestate in Hughes county, Okla., February 1, 1918, leaving no children. He did leave surviving him his widow, Delinda C. Byers, and two brothers, Webb and William Byers. Samuel P. Byers at his death held the legal title to the land; after his death an administrator was appointed by the county court of Hughes county; that the decree of distribution in the probate proceedings in the county court, in part, provided:

"The following real estate belonging to the estate of the said deceased was received by the said administratrix, to wit: The north half of the northeast quarter of section 17, township 8 north, range 9 east, in Hughes county, Oklahoma. * * *

"It is further ordered, adjudged and decreed by the court that the said Delinda C. Byers as such administratrix proceed as soon as practicable and without delay to make distribution of the said estate remaining in her hands, and it further appearing that the said Delinda C. Byers is the widow of Samuel P. Byers, deceased, and it further appearing that the entire estate belonging to Samuel P. Byers, deceased, at the time of his death was earned and accumulated subsequent to his marriage to Delinda C. Byers and that all of the estate of Samuel P. Byers was acquired by the joint industry of the said deceased and his wife, Delinda C. Byers, during coverture, and there being no issue the said Delinda C. Byers is entitled under the law to the whole of the said estate and it is ordered to be distributed to her as sole heir of Samuel P. Byers, the said estate now being in her hands as such administratrix it is hereby declared vested in her own right and no further distribution is necessary."

Delinda C. Byers occupied and used the land until June 17, 1925, at which time she died intestate leaving as her sole and only heir her daughter, Mary Jessie Russell; that the estate of Delinda C. Byers was administered upon in the county court of Hughes county; that the decree of distribution in that case provided:

"It is therefore further ordered, adjudged and decreed by the court that said Mary Jessie Russell as such administratrix proceed as soon as practicable and without delay to make distribution of said estate remaining in her hands to the parties lawfully entitled thereto as follows:

"To Mary Jessie Russell, daughter and sole heir of Delinda C. Byers, deceased, the following described real estate: The north half of the northeast quarter of section 17, township 8 north, range 9 east in Hughes county, Oklahoma."

Certain conveyances were made substantially as follows: August 19, 1924, an oil and gas lease covering the entire 80 acres by Delinda C. Byers to H. E. Kennedy and E. T. Noble, for a term of five years and as long thereafter as oil and gas is produced from said land, which lease was afterwards assigned to the I. T. I. O. Company, and all rentals had been paid up to the date of the trial.

Transfers of the oil and gas rights other than that covered by the lease to Kennedy and Noble, except a 1/32 interest were made after the death of Delinda C. Byers, and before the filing of this action.

June 19, 1926, an agricultural lease by Mary Jessie Russell to Jack Davis for a term of five years beginning January 1, 1927.

May 24, 1926, mortgage by Mary Jessie

Russell to Frank Kibby to secure note for $700.

May 23, 1927, a mortgage by Mary Jessie Russell to W. G. Rogers to secure a note for $143.55.

August 11, 1927, deed from Mary Jessie Russell to Mary Ethel Brinlee, recorded August 12, 1927.

Delinda C. Byers was in possession of the land at her death, and she had conveyed no interest therein to any person other than the oil and gas mining lease to Kennedy and Noble.

It is conceded that the interest of Webb and William Byers in the land, if any, depends upon the provisions of subdivision 2, section 11301, C. O. S. 1921, and particularly the provision therein reading as follows:

"Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of the said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife according to the right of representation"

—and the effect of the two decrees of distribution in the probate proceedings in the estates of Samuel P. Byers and Delinda C. Byers.

The proviso in subdivision 2 of section 11301, supra, does not seem to have been construed by this court. No citation is made of any decision of any other state having a similar provision. We find a similar provision in the statutes of Ohio.

By section 8574, Gen. Code Ohio, first enacted about 1853, it is provided:

"If the estate came not by descent, devise or deed of gift, it shall descend and pass as follows: * * *

"2. If there are no children, or their legal representatives, the estate shall pass to and be vested in the husband or wife, relict of such intestate."

And section 8577, Gen. Code of Ohio, provides:

"When the relict of a deceased husband or wife dies intestate and without issue, possessed of any real estate or personal property which came to such intestate from a former deceased husband or wife by deed of gift, devise or bequest, or under provisions of section 8574, General Code (4159 R. S.) then such estate, real and personal, shall pass to and vest in the children of such deceased husband or wife, or the legal representatives of such children. If there are no

children or their legal representatives living, then such estate, real and personal, shall pass and descend, one-half to the brothers and sisters of such intestate, or their legal representatives, and one-half to the brothers and sisters of such deceased husband or wife sisters of such deceased husband or wife from which such personal or real estate came, or their personal representatives."

As applied to nonancestral estates the provisions of the Ohio statutes are substantially the same as subdivision 2, section 11301, supra. These provisions have been construed in a number of cases in the state of Ohio. Spitler v. Heeter, 42 Ohio St. 100, is a case wherein land belonging to the husband descended to the widow under said statute. The widow remarried and died without issue possessed of the land. The second husband claimed the land as against the brothers and sisters of the former owner, and the brothers and sisters of the widow of the first owner. It was there held that upon the death of the wife the land went to the brothers and sisters of the first husband and the brothers and sisters of his wife after her death, subject only to a life estate in the second husband.

In Fay et al. v. Scott et al., 23 Ohio Dec. 464, it was held:

"The real estate of such deceased wife upon her death without issue, she having title to such real estate from a former deceased husband, passes to and descends, under Gen. Code 8577 (R. S. 4162), one-half to the brothers and sisters of such wife and one-half to the brothers and sisters of the deceased husband, subject to the dower interest of the second, surviving husband."

In Digby v. Digby, 26 C. C. (Ohio) 417, it was held:

"A relict of a deceased husband or wife acquiring an estate from a former deceased husband or wife does not take it impressed with a trust, but with an absolute right to dispose of and change the character of the property thus acquired so as to prevent the operation of section 4162, Rev. Stat. upon it."

In Medina County Nat. Bk. v. Foreman (Ohio App.) 161 N. E. 366, in discussing the nature of the title transferred to a surviving husband upon the death of his wife the court said:

"When said William J. Wall inherited said real estate from his wife, under section 8574, General Code, he became the owner thereof, and had a right to sell or dispose of it during his life, or by will, as he saw fit, and section 8577, Gen. Code, operated and controlled the descent only because he did not dispose of said real estate either during his life or by will. * * *"

It seems to be conceded, at least there is no evidence to the contrary, that the land here involved was acquired by the joint industry of Samuel P. Byers and Delinda C. Byers while husband and wife, and that the finding of the county court to that effect in the decree of distribution in the estate of Samuel P. Byers was correct. The plaintiff and Webb and William Byers rely on this state of facts, and we treat the land as so acquired.

What, then, was the nature and extent of the title that passed to Delinda C. Byers upon the death of her husband, Samuel P. Byers? The title was by virtue of the statute rather than by the decree of the county court. For the county court may not by its decree create a title. The law cast the title upon the widow, Delinda C. Byers. Upon the death of Samuel P. Byers, Delinda C. Byers became the owner of the land and had the right to lease, sell and convey, or otherwise dispose of the land during her lifetime, and had she sold and conveyed the same, the purchaser would have obtained full title, free and clear of any claim of the brothers of her deceased husband. She having this right, the oil and gas lease executed by her to Kennedy and Noble was a valid and subsisting lease at the time of the trial and was superior to the claim of Webb Byers and William Byers and all subsequent purchasers of any interest in the land.

However, upon the death of Delinda C. Byers without having sold or disposed of the land itself during her lifetime, one-half interest therein at once vested in the heirs of her former husband by virtue of the statute, and the other one-half vested in the heirs of Delinda C. Byers. The county court in the administration proceedings in the estate of Delinda C. Byers was clothed with full authority to determine who the heirs at law of Delinda C. Byers were and to order a distribution of her estate to them, but the county court was without power to decree the heirs of Delinda C. Byers to be the owners of the one-half interest in the land that went by operation of law to the heirs of Samuel P. Byers, the two brothers, Webb and William Byers, and they were not estopped by their failure to appeal from the decree of distribution in either case. They concede that the land was acquired by the joint industry of Samuel P. Byers and Delinda C. Byers during coverture, for they so plead. In such case they knew that the land, upon the death of Samuel P. Byers, went to his widow with full power to sell and dispose of the same at any time during her life. An appeal would therefore have availed them nothing. They were not proper parties in the settlement of the estate of Delinda C. Byers, for they inherited nothing from her. Their right to the land was by virtue of the statute above quoted.

In Bath v. Valdez et al., 70 Cal. 350, 11 P. 724, it was said:

"The next proposition relates to the estoppel of the plaintiff by the decree of distribution in probate, whereby the undivided one-half of the property was decreed to the heirs of Valdez, and the other undivided half to Burrows as assignee of and successor in interest of Manuela Valenzuela de Valdez, widow. * * *

"We may admit, for present purposes, that plaintiff is estopped by the decree of distribution so far as he acquired any title to the Valdez estate by the several mesne conveyances through which title from that estate passed to him. The real question, however, remains, and is, was he estopped by the decree from setting up the independent estate which he had acquired under the statute of limitations? Had the plaintiff appeared in the probate proceedings, and set up his title adverse to the estate acquired by him under the statute of limitations, the court had no authority to hear and determine the question thus raised. The probate court has jurisdiction to settle the estate of a deceased person, and has no power, save in certain excepted instances, to determine disputes between the heirs or representatives of the deceased and third persons'. * * *

"If there are outstanding or adverse claims to the estate vested in third parties, they are not affected by the probate proceedings, save as in cases of liens, etc., especially provided for by statute."

In Rockey et al. v. Vieux et al. (Cal.) 178 P. 712, it was held:

"Under Code Civ. Proc. sec. 1666, decree distributing lands of decedent is conclusive only as to rights of heirs, legatees, or devisees, in so far as they claim in such capacity, merely determining succession to such title as decedent may have had, not that he had any title to bind third parties in distributee's action to quiet title."

The title of Webb Byers and William Byers accrued only upon the death of Delinda C. Byers without having disposed of the land. But when she died without having disposed thereof, only one-half interest in the land became the property of her estate, and it was only upon this one-half interest that the county court could administer. The county court was without jurisdiction to de-

cree the whole of the land to her daughter, Mary Jessie Russell. Mary Jessie Russell, therefore, never became the owner of more than an undivided one-half interest in and to the lands here involved, and that interest was subject to the oil and gas lease theretofore executed by Delinda C. Byers. Any attempt on the part of Mary Jessie Russell to convey more than the one-half interest was ineffective as against Webb and William Byers.

The judgment and decree must be reversed and the cause remanded for further proceedings. Inasmuch as the agricultural lease has expired and the oil and gas lease may have done so unless extended by the production of oil or gas, we deem it unnecessary to further discuss the rights of the agricultural lessee and the I. T. I O. Company.

The two mortgages given by Mary Jessie Russell could cover no more than an undivided one-half interest in the land, and the decree ordering the whole land sold is reversed. The interests of some of the claimants to the mineral rights may require reduction, as an attempt to convey more than one-half thereof seems to have been made, but these matters can be adjusted by the trial court.

The judgment and decree of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. CLARK, V. C. J., dissents. McNEILL, J., absent.

Note.—See under (1), 9 R. C. L. 59, 61; R. C. L. Perm. Supp. p. 2406; R. C. L. Pocket Part, title Descent and Distribution, § 52