In re GRIFFIN'S ESTATE.
GRIFFIN et al. v. DOHNER.

No. 32872.   Dec. 2, 1947.

Rehearing Denied Feb. 17, 1948.

*189 P. 2d 933.*

Mauntel & Spellman, of Alva, and Lamar & Bailey, of Guymon, for plaintiffs in error.

MacGregor & Hall, of Medicine Lodge, Kans., Rizley, Tryon & Sweet, of Guymon, and Twyford, Smith & Crowe, of Oklahoma City, for defendant in error.

HURST, C.J.   H. B. Griffin died intestate on July 13, 1944, owning three quarter sections of land in Texas county. Roma Griffin, wife of H. B. Griffin, died intestate on October 15, 1943. Neither had issue.   In December, 1932, Griffin executed and acknowledged

deeds in favor of his wife covering said lands. The deeds were recorded after the death of the grantor. W. A. Griffin, administrator of the estate of H. B. Griffin, in his final account and petition for distribution, listed the lands as part of the assets of the estate and asked that they be distributed to the six brothers and sisters of H. B. Griffin as his sole heirs at law. Elizabeth Dohner, mother of Roma Griffin, filed objections to the account, alleging that the lands were acquired during coverture by the joint industry of Mr. and Mrs. Griffin, that the lands belonged to Mrs. Griffin at the time of her death, and that Griffin inherited them from Mrs. Griffin, they having no children or adopted children, and that upon the death of Griffin the lands descended one-half to the heirs of Mrs. Griffin and one-half to the heirs of Mr. Griffin, and that she, Elizabeth Dohner, and Oneita Hallenbeck, sister of Mrs. Griffin, were her sole heirs, and as such inherited one-half of the lands.

The issues thus made were, by the county court and the district court on appeal, found in favor of the contestant, and the lands and $729.17 were ordered distributed one-half to Elizabeth Dohner, sole heir of Roma Griffin, and one-half in equal parts to the six brothers and sisters of H. B. Griffin. From the judgment of the district court, the administrator and six brothers and sisters of Mr. Griffin have appealed.

For reversal, the appellants argue that the deeds were ineffective (1) because they were testamentary in character, and (2) because they were never delivered with the intention that they pass title. The appellants do not contend that the evidence was insufficient to sustain the finding that the property in dispute was acquired by the joint industry of Mr. and Mrs. Griffin during coverture or that the evidence was insufficient to sustain the finding as to who were the heirs of Mr. and Mrs. Griffin. The parties do not question the jurisdiction of the county court and the district court on appeal to decide whether the deeds were effective to pass title.

Mrs. Dohner relies upon the proviso to 84 O.S. 1941 §213(2), which reads as follows:

"Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of the said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation."

For the proviso to apply it was necessary for Mrs. Dohner to prove that the deeds were effective to vest title in Mrs. Griffin. Essex v. Washington, 198 Okla. 145, 176 P. 2d 476.

1. At the outset we are faced with the question of whether the county court, in settling the estate and determining the heirs of Mrs. Griffin, had jurisdiction to determine this issue in a contest between Mrs. Dohner, mother and sole heir of Mrs. Griffin, and the administrator of the estate of Mr. Griffin and his six brothers and sisters. The parties do not raise this question, but since it relates to the jurisdiction of the court over the subject matter, it cannot be waived and it is our duty to consider it. Harber v. McKeown, 195 Okla. 290, 157 P. 2d 753; In re Singleton's Estate, 26 Nev. 106, 64 P. 513.

It is well settled that the county court in the exercise of its probate jurisdiction is without authority to try title to property as between the administrator or heirs of decedent and third persons. Fibikowski v. Fibikowski, 185 Okla. 520, 94 P. 2d 921; Taliaferro v. Reirdon, 186 Okla. 603, 99 P. 2d 522; American Surety Co. v. Wilson, 172 Okla. 107, 44 P. 2d 35; Bancroft's Probate Practice, §27; Ross Probate Law & Practice, §158. And since the jurisdiction of the district court in a probate cause is appellate only, it has no such jurisdiction in such an appeal. In re Jones' Estate, 195 Okla. 168, 155 P. 2d 980.

We are not here concerned with the right of the district court to determine heirship under 84 O.S. 1941 §257.

The question, then, is, whether a determination of the questions of whether title was vested in Mrs. Griffin at the time of her death and whether the lands were acquired by joint industry of Mr. and Mrs. Griffin during coverture comes within the probate jurisdiction of the county court.

By section 12, art. 7 of the Constitution, the county court is given "original jurisdiction in all probate matters", provided that it shall not have jurisdiction "in any matter wherein the title or boundaries of land may be in dispute or called in question." And by section 13, art. 7 of the Constitution, the county court is given "the general jurisdiction of a probate court", including jurisdiction to "settle accounts of executors, administrators, and guardians", and to "transact all business appertaining to the estates of deceased persons . . . including the sale, settlement, partition and distribution of the estates thereof."

In 21 C.J.S. 550, it is said:

"In the absence of statutory restrictions probate courts have such ancillary and incidental powers as are reasonably necessary to an effective exercise of the powers expressly conferred."

—and at page 547 of the same volume it is said:

"Ordinarily a probate court cannot determine a question of title to property unless such question arises collaterally as a necessary incident to the determination of other matters within the court's jurisdiction."

In 14 Am.Jur. 251, it is said:

"The modern tendency is to extend the jurisdiction of the probate court in respect to matters incidental and collateral to the exercise of its recognized powers."

See, in this connection, 15 C.J. 813, 814, 1012; 1 Woerner on American Law of Administration (3rd Ed.) p. 483; Re Noble, 141 Kan. 432, 41 P. 2d 1021, 97 A.L.R. 463.

Bearing in mind these general rules, we are of the opinion that the constitutional provisions, above quoted, may and should be harmonized. The provision of section 12, that the county court shall have no jurisdiction over disputes as to title or boundaries of land, has reference to disputes between the heirs or representatives of the estate and third persons claiming adversely to the estate. It does not deny the county court jurisdiction of disputes between the heirs, such as the one involved in the instant case, which the county court must decide if it is to effectively carry out the powers expressly conferred by section 13, above quoted. The cases holding that the court exercising probate jurisdiction may not try title to lands involved controversies wherein third persons were claiming adversely to the estate. We have found no case holding that the county court may not decide disputes as to title between those claiming as heirs or devisees of the decedent.

If Mrs. Dohner was not an heir of Mr. Griffin, she is a third party under the foregoing rule, and the county court and the district court on appeal were without jurisdiction in the case involving Mr. Griffin's estate to determine the issue presented by her objections to the final account and petition for distribution.

In Byers v. Brinlee, 157 Okla. 72, 10 P. 2d 690, it was held that upon the death of the surviving spouse, the heirs of the spouse dying first take the property covered by the proviso to 84 O.S. 1941 §213(2) as heirs of such party and not as heirs of the survivor. Therefore, if this rule is to be adhered to, Mrs. Dohner is not an heir of Mr. Griffin, but is a third party and the county court was without jurisdiction to try the issue presented by the objections of Mrs. Dohner. After carefully reconsidering the question, we are of the opinion that the rule stated in Byers v.

Brinlee, supra, should not be adhered to.

Under the proviso the "whole estate shall go to the survivor", which means that no estate in the jointly acquired property descends from the spouse dying first to other persons. It is then provided that upon the death of the survivor one-half of "such property shall go to the heirs of the husband and one-half to the heirs of the wife." The heirs of the spouse dying first take either as heirs of the spouse dying last or they take a contingent remainder. Since the survivor takes the "whole estate", and a vested remainder is an "estate" (33 Am.Jur. 527) it follows that they do not take a vested remainder. The interest of the heirs of the spouse dying first is not a contingent remainder simply because the life tenant has the power of disposal. 33 Am.Jur. 547. It seems clear, therefore, that the heirs of the spouse dying first do not take as his or her heirs, but take as heirs of the survivor, if the property has not been otherwise disposed of at the time of the death of the survivor. Just as the whole estate descends to the survivor from the spouse dying first, so the whole estate descends from the survivor, one-half to the heirs of each spouse. The question of succession is purely statutory. In re McDade's Estate, 95 Okla. 120, 218 P. 532; 16 Am. Jur. 777. By the proviso, the Legislature has designated two classes to which the jointly acquired property shall descend on the death of the survivor. Since the whole estate in such property vested in the survivor, the members of both classes are made heirs of the survivor. 84 O.S. 1941 §211 provides:

"Succession is the coming in of another to take the property of one who dies without disposing of it by will".

The quoted proviso contained in section 213, paragraph 2, supra, provides for succession in a special and particular case and in our opinion a proper interpretation thereof is as follows:

"Provided, that in all cases where the property is acquired by the joint industry of the husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor at whose death, if any of the said property remains, one-half of such property shall go **to those who, as to property not so jointly acquired, would** be heirs of the husband, and one-half of such property shall go to **those who, as to property not so jointly acquired, would be heirs of the wife,** according to the right of representation."

The heirs would be different as to property not jointly acquired from those as to property jointly acquired. Thus, in this case, as to property not jointly acquired or title to which was in Mr. Griffin at the time of Mrs. Griffin's death, the six brothers and sisters were the sole heirs (84 O.S. 1941 §213(3), while, as to property jointly acquired and title to which was held by Mrs. Griffin at the time of her death and remaining undisposed of at the time of the death of Mr. Griffin, the six brothers and sisters inherited one-half and Mrs. Dohner one-half.

Under 58 O.S. 1941 §632, it is the duty of the county court in settling the estate and determining the heirs of the decedent to "name the persons and the proportions or parts to which each shall be entitled" as to each piece of property. In doing so, the court has jurisdiction to determine the source of title. Cooper v. Spiro State Bank, 137 Okla. 265, 278 P. 648.

It follows that, in determining the contest between Mrs. Dohner and the brothers and sisters of Mr. Griffin, the county court had jurisdiction to determine whether title to the lands in question was vested in Mrs. Griffin at the time of her death, since, if title was so vested, both Mrs. Dohner and the brothers and sisters were heirs of Mr. Griffin. Likewise, the court had jurisdiction to determine whether the property was acquired by joint industry of Mr. and Mrs. Griffin during coverture and its descent governed by said proviso. It follows, therefore, that the county court and the district court on appeal had jurisdiction to determine the names and identity of

the heirs of Mr. Griffin and the proportions each inherited in these lands, and the incidental question as to whether they descended under the said proviso, since said questions come within the probate jurisdiction of the county court.

2. The remaining question is whether the finding of the county and district courts that Mrs. Griffin owned the lands at the time of her death is clearly against the weight of the evidence. We have carefully examined the evidence and are of the opinion that this question should be answered in the negative.

a. The deeds were in the custody of Mrs. Griffin from about the time they were executed until her death. There is evidence that Mr. Griffin had access to her box where they were kept and knew she had them in her possession. The presumption is that Mr. Griffin delivered them to her. Shaffer v. Smith, 53 Okla. 352, 156 P. 1188. The appellants contend that the fact of delivery is negatived by the fact that Mr. Griffin continued to exercise full control over the lands by renting them for oil and gas and agricultural purposes, collecting the rents, and paying the taxes. These circumstances would be entitled to weight as to the intention of the grantor were it not for the fact that the parties were husband and wife. We think the presumption of delivery was not overcome by this evidence.

b. It appears that Mr. Griffin objected to inheritance or estate taxes, and appellants contend that the deeds were made to take effect only upon his death so as to avoid paying such taxes in the event he died first. They point to the testimony of two witnesses as establishing this fact, one of whom testified that Mr. Griffin told him "our property is all fixed; whichever one goes first it will not be destroyed," and one testified that Mrs. Griffin told her that Mr. Griffin "had made deeds to her in case he should die first everything would go to her". On the other hand, there was testimony that Mr. Griffin had made statements to the effect that he had given the lands to his wife by the deeds, and that Mrs. Griffin wanted Mr. Griffin to fix his property so it would not be involved in the company business between himself and his brother, who were in the real estate business as partners. We think the finding of the courts that the deeds were not testamentary in character is not clearly against the weight of the evidence.

We have examined the evidence bearing upon the question of whether the lands were acquired by the joint industry of Mr. and Mrs. Griffin, and think the finding of the court that they were so acquired is not clearly against the weight of the evidence.

The decision in Byers v. Brinlee, supra, is overruled in so far as it is in conflict with these views.

Affirmed.

DAVISON, V.C.J., and BAYLESS, ARNOLD, and LUTTRELL, JJ., concur. WELCH and CORN, JJ., concur in result. RILEY and GIBSON, JJ., dissent.

———

GIBSON, J. dissents for the reason that he is of the opinion that the county court had no jurisdiction to determine the question of whether the deeds from Mr. Griffin to his wife were effective to vest title in Mrs. Griffin.

RILEY, J. (dissenting). I cannot agree that the heirs of a predeceased spouse are constituted heirs of a surviving spouse by the provision contained in the Second subdivision of Title 84, O.S. 1941 §213.

Under the proviso, property acquired by the joint industry of husband and wife during coverture, in the absence of issue, goes to the survivor, with right of disposition and at whose death, if any of the property remains, one-half of it shall go to the heirs of the hus-

band and one-half to the heirs of the wife, according to the right of representation.

The mere fact that one-half of the property remaining "shall go" to the heirs of the wife does not make them "heirs of the last survivor".

The heirs of a predeceased intestate spouse have a contingent interest in an estate jointly acquired during coverture. Enjoyment or possession of that interest is dependent upon non-disposition of the estate during the lifetime of the survivor. 16 Am.Jur. p. 794 §27; Doe ex dem. Kean v. Roe (Del.) 29 Am. Dec. 336.

The heirs of Roma Griffin, deceased, at her death, became vested with the contingent remainder.

Upon the happening of the event, i.e., the death of H. B. Griffin, the surviving spouse, without having disposed of the entire estate, Elizabeth Dohner, as heir and next of kin of Roma Griffin, the predeceased spouse, was entitled to possession and enjoyment of a one-half interest in the estate.

The proviso of the statute cast the whole estate upon the surviving spouse but limited right of inheritance therein to one-half thereof; a relict was provided as to the other one-half interest. Wright v. Saltmarsh, 174 Okla. 226, 50 P. 2d 694. The majority assume, contrary to the text, that under the terms of the proviso "the whole estate shall go to the survivor" and there finally vest. But the sentence does not end there. Under continuing provision, the estate, if any remains subject to disposition, passes at the death of the surviving spouse, one-half to the heirs of each spouse. The legislative designation of heirs is several and not joint. Descent is cast at the time of the death of the survivor.

I think the judgment may be affirmed, but am of the opinion that administrations upon estates should be kept separate and apart. In no event should the probate practice indulge the determination of titles.