DRAUGHON et ux. v. WRIGHT, Adm'x.

No. 32947. April 6, 1948.

*191 P. 2d 921.*

Harold S. McArthur, of Tulsa (Hardy & Hardy, of Tulsa, of counsel), for plaintiffs in error.

Jones & Jones, of Muskogee, for defendant in error.

HURST, C.J. This action was brought by the plaintiffs, John A. and Emma Draughon, parents of Mildred W. Walker, to recover an undivided one-half interest in a tract of real property and to recover an undivided one-half interest in certain personal property as sole heirs of their deceased daughter. A receivership was also sought. From the judgment sustaining the demurrer to the petition, this appeal was taken by plaintiffs.

The petition states two causes of action. The first is in connection with the real property; the second, the personal property.

In the first cause of action, plaintiffs alleged that both Mildred W. Walker and A. O. Walker, her husband, died as the result of an accident from a common cause, the wife dying approximately one hour before the death of the husband; that there was no issue of the said marriage and that the plaintiffs are next of kin of Mildred W. Walker; that both decedents died intestate; that on the 29th of March, 1943, the real property herein considered was conveyed to the two decedents by warranty deed, a copy of the deed being attached, and that this property was jointly accumulated property; that on the 15th day of April, 1946, an inventory in the A. O. Walker probate case was filed showing that the real property herein considered was listed as part of his estate; and that A. O. Walker had issue by a former wife.

For their second cause of action, the plaintiffs alleged that at the time of the death of Walker, there was jointly accumulated with his said wife certain personal property and the proceeds of an accident insurance policy issued by the Massachusetts Protection Association, worth $5,000, the proceeds of an insurance policy on the life of Mildred M. Walker, $2,000, and proceeds of an

insurance policy issued by National Life Insurance, $1,000.

The plaintiffs asked to quiet title in and to an undivided one-half of the real property subject to an existing mortgage, and for determination of the ownership of one-half of the personal property, quieting title therein against the administratrix, and for the appointment of a receiver to take possession of the personal property.

1. We first consider the cause of action relating to the real property. The deed under which title was taken to the real property, in the granting clause, conveys the property to A. O. Walker and Mildred M. Walker "as joint tenants with right of survivorship", and the habendum clause directs that the property shall be held "unto the said A. O. Walker and Mildred M. Walker, husband and wife, and the survivor as joint tenants and not as tenants in common, their heirs, successors and assigns."

The defendant contends (1) that the real property, being held in joint tenancy, upon the death of Mrs. Walker the whole estate remained in Mr. Walker under the deed and that consequently Mrs. Walker owned no interest in the property that descended to her heirs; (2) that since Mr. Walker left issue by his first marriage, the proviso to 84 O.S. 1941 §213(2) does not apply; and (3) that the estate of Mr. Walker was being administered in the county court of Muskogee county and that court had exclusive jurisdiction of the matter in controversy and, consequently, the district court was without jurisdiction.

The plaintiffs contend (1) that, if 60 O.S. 1945 Supp. §74 creates a statutory joint tenancy, survivorship is not included since that doctrine is in disfavor in the American courts and is not mentioned in the statute; (2) that the use of the words, "**their** heirs, successors and assigns" in the habendum clause negatives the idea of a joint tenancy; and (3) that the burden was upon the party asserting that the property was held in joint tenancy to plead and prove that the joint tenants agreed to the joint tenancy and that the spouse whose property is sought to be brought within its terms accepted the deed knowing of such joint tenancy clause, which facts are not established. They conclude that no joint tenancy is shown and that Mrs. Walker owned a half interest in the property as a tenant in common, and that the property, being acquired during coverture by the joint industry of husband and wife, descended to Mr. Walker upon the death of Mrs. Walker, intestate and without issue, and that upon the death of Mr. Walker one hour later, such property not being disposed of by grant or will, descended one-half to plaintiffs as sole heirs of Mrs. Walker and one-half to the heirs of Mr. Walker under the proviso to 84 O.S. 1941 §213 (2).

a. We cannot agree that 60 O.S. 1945 Supp. §74 creates a statutory joint tenancy without survivorship because survivorship is not mentioned in that statute. The term "joint tenancy" had a well defined meaning at common law, and, since the Legislature did not define the term or use language indicating a contrary intention, we must presume that it used the term in its technical common law sense. 50 Am. Jur. 266. Survivorship is the distinguishing characteristic of a joint tenancy. 48 C.J.S. 910. And it is this distinctive characteristic of survivorship which, on the death of one of the joint tenants, precludes the devolution upon his heirs of any interest in the estate held in joint tenancy. As to property held in joint tenancy, there is nothing to inherit from the one dying first. The survivor takes under the original grant (48 C.J.S. 911), his estate being simply freed from participation by the death of his former joint tenant. The survivor takes the entire estate to the exclusion of the heirs of the deceased. 7 R.C.L. 812; 33 C.J. 903 and 915; 14 Am. Jur. 79, 80.

b. Nor do we find merit in plaintiffs' contention that the use of the term "their heirs" in the habendum clause of the deed was a limitation and created a tenancy in common. The granting clause clearly creates a joint tenancy. It is within the habendum clause itself, above quoted, that the conflict occurs. Down to the term "their heirs", a joint tenancy is clearly shown. From the four corners of the instrument, the intention of the parties is clear. The use of the term "their heirs", under the circumstances, can be considered to be no more than a scrivener's mistake.

c. The argument presented by appellants, under their third contention, based upon the Arizona case, Baldwin v. Baldwin, 50 Ariz. 265, 71 P. 2d 791, is not tenable in the instant case for two reasons.

In the first place, the Arizona court views the doctrine of survivorship with disfavor. The community property principle, rooted in that state since 1865, is the basis for the rule announced in that case. That rule, it appears, is but an extension even to property conveyed to two spouses as joint tenants of the presumption that all property taken in the name of the husband or wife, or both of them, is community property. In our state, on the other hand, the history of our community property doctrine goes back only to 1939 (32 O.S. 1941 §§51-65) when it was a voluntary matter requiring election by both spouses. The new compulsory community property law (32 O. S. Supp. 1945 §§66-82) became effective in 1945. Furthermore, by statute prior to 1945, a husband and wife were permitted to hold real or personal property either as joint tenants or as tenants in common. 32 O.S. 1941 §8. In 1945, this section was amended to provide that spouses could hold property as joint tenants, tenants in common, or as community property. In the instant case the deed to Mr. and Mrs. Walker was executed and delivered in 1943, before the compulsory community property law became effective.

We see no reason why the rule announced by the Arizona court in the Baldwin case should apply in this state where we specifically recognize the holding of property in joint tenancy.

In the second place, we do not understand the reasonableness or necessity of applying such a rule to a conveyance to spouses, as joint tenants, made at a time when, to come under the terms of the community property law then effective, an election to do so was required and there is nothing in the record to show that Mr. and Mrs. Walker did so elect. Our view should not be understood to preclude the assertion of the intention of the grantees in such a deed to take property as tenants in common or as community property in a proper case, but the burden of proof would be upon the one asserting that, under a deed to persons ostensibly as joint tenants, the property was intended to be held as tenants in common.

d. We are of the opinion that the last contention of the defendant as to the real property must be sustained. The case of Byers v. Brinlee, 157 Okla. 72, 10 P. 2d 690, holding that under the proviso to section 213(2) on the death of the surviving spouse the heirs of the spouse dying first take as his or her heirs and not as heirs of the survivor, was overruled in Griffin et al. v. Dohner, 199 Okla. 676, 189 P. 2d 933, and we now adhere to the views there expressed. It follows that the determination as to who the heirs of the surviving spouse are, under the proviso, is a probate question of which the county court has exclusive original jurisdiction, except as provided in 84 O.S. 1941 §257, not applicable here. It follows, therefore, that the district court was without jurisdiction of the suit to quiet title to the real property. See Dillard v. Franklin, 177 Okla. 34, 57 P. 2d 629; Bryan v. Seiffert, 185 Okla. 496, 94 P. 2d 526; State v. Douglass, 187 Okla. 272, 102 P. 2d 856.

2. We come, then, to the second cause of action, having to do with the personal property and the proceeds of the insurance policies. The appellants allege that the shares of stock of the Muskogee Materials Company, the automobile, and the household goods were acquired during coverture by the joint industry of Mr. and Mrs. Walker. But, in view of our opinion in Essex v. Washington, 198 Okla. 145, 176 P. 2d 476, the averments in plaintiffs' second cause of action of joint acquisition of the property without averment of title in the spouse first dying are insufficient to make applicable the proviso respecting the devolution of jointly acquired property under 84 O.S. 1941 §213(2).

And, if title was in Mrs. Walker and the property was acquired by the joint industry of Mr. and Mrs. Walker, during coverture, as alleged by plaintiffs, exclusive original jurisdiction to determine the heirship would be in the county court in administering the estate of Mr. Walker. Griffin v. Dohner, above.

The petition does not contain an allegation as to the terms of the insurance policies or who the beneficiaries were. Since it is alleged that the administratrix of Mr. Walker's estate has in her custody the proceeds, we assume that Mr. Walker or his estate was the beneficiary. The allegations of the petition are not sufficient to show that plaintiffs are entitled to any of the proceeds of such policies.

It follows that the petition did not state facts sufficient to constitute a cause of action of which the district court had original jurisdiction and the court properly sustained the demurrer thereto.

Affirmed.

DAVISON, V.C.J., and BAYLESS, WELCH, GIBSON, ARNOLD, and LUT-TRELL, JJ., concur. RILEY, J., dissents.

———

RILEY, J. (dissenting). Provisions of statute creating joint tenancy (60 O.S. 1945 Supp. §74) contemplate a tenancy by entirety and despite a divided equal ownership during the life of the parties. A survivorship of the whole of the property embraced accrues to the surviving joint tenant. In other words, upon the death of one of the joint tenants, the title as a whole is vested in the other. 48 C.J. 910; 50 Am. Jur. 265-266.

Otherwise, and in the case of intestacy as applied to the property acquired by the joint industry of husband and wife during coverture where a character of tenancy in common exists, upon the death of one spouse with right of disposition, the entire estate goes to the other, conditioned, however, that all or any part of the estate remaining at the death of the spouse last dying, the estate goes in equal shares to the heirs of the husband and the wife, according to the right of representation.

All real property involved in the case at bar was within the joint tenancy. Wherefore, the heirs of the wife (she having predeceased her husband) take nothing. In this, I am in accord with the majority.

If the majority lead me into error as to the rule, the fact remains that the husband surviving was possessed of a child by a former marriage; therefore the proviso of the statute, 84 O.S. 1941 §213, subd. 2, has no application. Heretofore, this court has held the spouse was not without issue.

The statute relating to joint tenancy, 60 O.S. 1945 Supp. §74, supra, provides that the granting clause of a deed conveying an estate by entirety (joint ten-

ancy) "shall control over the habendum clause containing language inconsistent to the granting clause". Herein, the deed granted to A. O. Walker and Mildred Walker "as joint tenants with right of survivorship". Therefore, it is immaterial that the habendum clause contained the words "their heirs, successors and assigns".

The statute, supra, although enacted after the date of acquisition of the property by deceased, nevertheless governs. Distribution of the spouses' estates is to be governed by the statute in effect at the time of their deaths.

But the majority unnecessarily confirm a prior overruling of Byers v. Brinlee, 157 Okla. 72, 10 P. 2d 690, and adhere to the adverse rule announced in Griffin v. Dohner, 199 Okla. 676, 189 P. 2d 933.

Under article 7, sec. 12, Constitution of Oklahoma, the county court lacks jurisdiction to determine the effect of execution and delivery of a deed or other issue affecting title or boundaries to land.

On appeal to the district court in such cases, the cause is to be tried de novo. The consequence is that the district court, in such an appeal, also sits in probate. It cannot in such cases adjudicate title or the boundary to land.

According to the statutory rule relating to the devolution of property, supra, by the proviso, supra, where property is acquired by the joint industry of husband and wife during coverture and there is no issue, the successor, by descent, takes the whole of such an estate, with right of disposition; if any of the estate remains at the death of the surviving spouse, the property goes one-half to the heirs of the husband and one-half to the heirs of the wife by right of representation.

I am not at all in accord with the rule expressed in Essex v. Washington, 198 Okla. 145, 176 P. 2d 476, which is applied by the majority to that part of the estate involved consisting of personal property, shares of stock, an automobile, and the like. This personal property was acquired by the joint industry of husband and wife during coverture. Devolution of this part of the estate is by majority made to depend upon averment of title in the spouse first dying. This is jointly acquired property. 84 O.S. 1941 §213(2).

Where during coverture a spouse has granted property, acquired by joint industry, in trust to the other, and there is no issue, or property is acquired and for convenience sake is taken in the name of one or the other of the spouses, that fact is immaterial to devolution of the estate, Goff v. Goff, 104 Okla. 257, 231 P. 204.

In the Griffin case, supra, the situation as to the heirs of H. B. Griffin would have been similar had Roma Griffin survived him and had she been the record owner of the land at his death and at her death.

While some convenience may be occasioned by a multiple determination of "technical heirs" together with heirs at law in the probate of the estate of one deceased person, I do not think there exists any class of "technical heirs". They are, or they are not, heirs with right of representation. A specified interest in such an estate goes to the heirs of each spouse in whose lifetime such property was jointly acquired. The adverse result confounds confusion, of law, of facts, and of procedure.