CHOWNING et al. v. FOUNTAIN et al.

No. 33188.   April 20, 1948.

*192 P. 2d 846.*

Geo. N. Otey, of Ardmore, and F. H. Reily, of Shawnee (Reily, Reily & Spurr, of Shawnee, and Otey, Johnson & Evans, of Ardmore, of counsel), for plaintiffs in error.

Doyle H. Willis, of Fort Worth, Tex., and Williams & Williams, of Ardmore, for defendants in error.

WELCH, J. A. J. Chowning owned the lands involved at his death intestate. He was survived by his wife, Elizabeth Chowning, but there was no issue. Upon administration of his estate the land was distributed to his surviving widow as sole heir.

Thereafter Elizabeth Chowning died intestate while owning said lands. Her estate is now being administered upon in county court. R. C. Fountain is the administrator of her estate and George Mageson claims to be her sole heir.

After the death of Elizabeth Chowning plaintiffs commenced this action in the district court, alleging their relationship to A. J. Chowning and alleging that upon the death of A. J. Chowning, and except for Elizabeth Chowning, they, the plaintiffs, were the sole heirs of A. J. Chowning; that the lands here involved were acquired by the joint industry of A. J. Chowning and his wife Elizabeth Chowning during coverture; that therefore said land passed and was distributed to his surviving wife Elizabeth Chowning; but that upon her death said land descended half to her heirs and half to the heirs of A. J. Chowning by virtue of 84 O.S. 1941 §213, subdivision Second. And plaintiffs sought by this action in the district court to recover their half interest in said land.

In the administration proceedings in the county court upon the estate of Elizabeth Chowning, these plaintiffs were parties at least to the extent that they appeared therein and obtained postponement of final distribution pending determination of this action in the district court; however, plaintiffs herein did not present to the county court their claim to inherit a half interest in the real estate. Perhaps plaintiffs did not present such claim in the county court by reason of the rule heretofore announced by this court in Byers v. Brinlee, 157 Okla. 72, 10 P. 2d 690, or by reason of language used in that decision to the effect that in such a case the county court would be without jurisdiction to afford relief to the surviving heirs of the spouse first deceased.

However, that rule was departed from in the later decision of Griffin v. Dohner, 199 Okla. 676, 189 P. 2d 933, or at any rate, we held in the Griffin case that where the surviving heirs of the spouse first deceased were parties in the administration proceedings upon the estate of the survival spouse, the county court in such proceedings would have jurisdiction to determine whether land in the estate of the survival spouse descended to such spouse under the statute above cited, and, if so, to distribute the same half to the heirs of the spouse first deceased, and half to the heirs of the survival spouse.

It is therefore apparent that under the rule of the Griffin case, supra, these plaintiffs should have presented their claims in the county court proceedings for administration upon the estate of Elizabeth Chowning, and this they may yet do as that administration proceeding is still pending and awaiting decree of final distribution.

Plaintiffs commenced this action apparently upon the theory that the only forum open to them was the district court, in line with the decision in Byers v. Brinlee, supra, but such theory of plaintiffs was erroneous as heretofore pointed out. There is suggestion that the district court would or might have jurisdiction in such a controversy where claimants in the position of these plaintiffs were not parties to the last administration proceedings and had no notice or knowledge thereof until such administration was closed by final distribution, but the facts here render it unnecessary to consider or discuss such theory. That is, plaintiffs are parties in the administration proceedings on the estate of Elizabeth Chowning and may there be fully heard upon their claims.

In reviewing and in affirming the judgment of the district court dismissing plaintiffs' action, we observe that the trial judge did not dismiss for lack of jurisdiction under the rule of the Griffin case, supra, nevertheless, the applicability of that rule is sufficient to justify affirmance. The trial court apparently attached controlling importance to the form of the decree of distribution in the estate of A. J. Chowning, deceased; that is, the trial court was apparently of the view that said decree of distribution was of such form as to operate as a bar to the claim of these plaintiffs. In affirming the dismissal we do not approve that conclusion, if that was the conclusion. The district court in this action was without jurisdiction to determine such an issue, or without jurisdiction to entertain the action upon any issue, by reason of the facts and applicable rules heretofore stated.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, CORN, ARNOLD, and LUTTRELL, JJ., concur. GIBSON, J., dissents.