BOWMAN et al. v. HULSEY et ux.

No. 33180.   Oct. 5, 1948.

*198 P. 2d 421.*

E. P. Neal, R. C. Lannom, and Norman Barker, all of Tulsa, for plaintiffs in error.

A. E. Montgomery, of Tulsa, for defendants in error.

DAVISON, V.C.J.   This case is on appeal by Ola Bowman and Henry Bowman, an insane and incompetent person by Ola Bowman, his wife and next friend, from a judgment of the district court of Tulsa county affirming the judgment of the county court approving and settling the final account of the administrator, distributing the estate and determining heirship in the matter of the estate of Leon V. Hulsey, deceased.

Leon V. Hulsey died on December 14, 1945, and T. P. Hulsey, his father, was appointed administrator of the estate who administered upon the estate and in his final account and petition for distribution listed the assets of the estate and asked that they be distributed to T. P. Hulsey and Lizzie Hulsey, his father and mother, as his sole heirs at law.   Ola Bowman in her own behalf and in behalf of her husband, Henry Bowman, filed objection to the final account and petition for distribution in which she stated that she was the mother and Henry Bowman was the father of Lela Hulsey, wife of Leon V. Hulsey; that Lela Hulsey predeceased Leon V. Hulsey; that there were no children born of said marriage; that Mr. and Mrs. Hulsey had only been married once and that to each other; that all of the property and assets of the estate of the deceased were acquired by the joint industry and efforts of Mr. and Mrs. Hulsey during coverture, and that upon the death of Mr. Hulsey, the survivor, the property and assets of the estate descended one-half to them as the heirs of Mrs. Hulsey

and one-half to the appellees as the heirs of Mr. Hulsey, and prayed that distribution be made accordingly; that partition of the property be had and sold, and that the proceeds thereof be divided between the parties in accordance with their respective shares.

The facts are undisputed. The evidence shows that Leon V. Hulsey died on the date above mentioned intestate, without issue or any descendants thereof; that prior to his death he had been married to Lela Hulsey; that she predeceased him; that she died on the 18th day of October, 1944, or more than one year prior to the date of his death and that he never again married. It is further shown that at the time of his death Leon V. Hulsey was the owner of and held title to the north 16¾ feet of lot 40 and the south 16⅔ feet of lot 41, all in block 38, West Tulsa addition to the city of Tulsa, and various items of personal property, all of which property was acquired by the joint industry of himself and Mrs. Hulsey during coverture.

The county court found the facts as above detailed and held that T. P. Hulsey and Lizzie Hulsey, father and mother of deceased, were the only heirs of deceased; that appellants herein were not heirs and not entitled to inherit any portion of the estate, and entered judgment distributing the entire assets of the estate to T. P. Hulsey and Lizzie Hulsey, share and share alike.

The judgment of the county court was affirmed by the district court on appeal.

Appellants contend since the evidence shows that all of the property owned by deceased at the time of his death was acquired by the joint industry of himself and wife during coverture, upon the death of deceased the property descended one-half to the heirs of the wife and one-half to the heirs of deceased. In support of this contention, they rely upon 84 O.S. 1941 §213, which insofar as is here material provides:

"When any person having title to any estate not otherwise limited by marriage contract, dies without disposing of the estate by will, it descends and must be distributed in the following manner: . . .

"If decedent leave no issue, nor husband nor wife, the estate must go to the father or mother, of if he leave both father and mother, to them in equal shares: Provided, that in all cases where the property is acquired by joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of the said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation."

It is asserted by appellants that under the above proviso, upon the death of Mr. Hulsey, the spouse dying last, the heirs of Mrs. Hulsey, the spouse dying first, took one-half of the jointly acquired property, notwithstanding title to the property had at all times been in Mr. Hulsey, the spouse dying last. We have held to the contrary. In the case of Essex, Adm'x, v. Washington, 198 Okla. 145, 176 P. 2d 476, we said:

"Where a husband and wife accumulate property by their joint industry during coverture, title to said property being vested in the husband, and the wife predeceases the husband, who thereafter remarries and dies intestate and without issue, and without disposing of the jointly acquired property, the proviso in the second subdivision of 84 O.S. 1941, sec. 213, is inapplicable, and does not affect or govern the devolution of the jointly acquired property."

In the case of In re Frary's Estate, 186 Okla. 126, 96 P. 2d 526, after reviewing at length our prior decisions touching this question, we said:

"There is no case in this state holding that the heirs of a spouse who dies before the death of the other spouse succeed to any part of jointly acquired property, title to which was in the spouse who died last."

In Draughon v. Wright, 200 Okla. 198, 191 P. 2d 921, we held:

"Averment of joint acquisition of property without averment of title in the spouse dying first is insufficient to make applicable the proviso respecting the devolution of jointly acquired property, under 84 O.S. 1941 §213 (2)."

Since the evidence shows that title to the jointly acquired property was at all times in the husband, Leon V. Hulsey, the spouse who died last, the proviso relied upon is inapplicable and does not affect or govern its devolution.

Counsel for appellants in their original brief raise a jurisdictional question. It is asserted by them that neither the county court nor the district court on appeal had jurisdiction for the reason that title to real property was involved. It is asserted that appellants herein are entitled to participate in the distribution of the estate as the heirs of Mrs. Hulsey, deceased, and that they were therefore third parties claiming an adverse interest in and to the property as against appellees and that only a court of equity has jurisdiction to determine such question. In support thereof they cite the case of Byers v. Brinlee, 157 Okla. 72, 10 P. 2d 690. In their reply brief, however, they have apparently abandoned this contention in view of our holding in the case of In re Griffin's Estate, 199 Okla. 676, 189 P. 2d 933, in which the case of Byers v. Brinlee, supra, is expressly overruled.

Evidence has been introduced tending to show that Henry Bowman, father of Mrs. Hulsey, deceased, was insane and confined in a hospital at Vinita at the time the proceeding herein was heard in the county and district courts. It is asserted by appellants that he was a necessary party to the proceeding; that he was not properly brought before the court and that the judgment appealed from is therefore void. This contention cannot be sustained. Henry Bowman is not an heir of deceased and therefore is not a necessary party to the proceeding. He was voluntarily brought into the proceeding by his wife, Mrs. Bowman, who testified that she appeared for herself and for her husband, Henry Bowman. She appears for him in this court as his next friend. In these circumstances the contention of appellants that the judgment is void for failure to properly make Henry Bowman a party to the proceeding is without merit.

Judgment affirmed.