## SCHAFER v. BALLOU.

No. 3730.    Opinion Filed December 3, 1912.

(128 Pac. 498.)

1.    **WORDS AND PHRASES**—"Issue." In its legal sense as used in statutes and wills and deeds and other instruments, "issue" means descendants; lineal descendants; offspring.

2.    **DESCENT AND DISTRIBUTION** — "Issue" — **Child by First Marriage.** S., who had been twice married, died, leaving a widow, a child, the fruit of the first marriage, and an estate, the greater portion of which was acquired by the joint industry of the decedent and the wife by a second marriage during their coverture. **Held,** that the child of the first wife constituted "issue" within the meaning of the term as used in the second proviso of section 8985, Comp. Laws 1909, which reads: "Provided, in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate to go to the survivor, at whose death if any of the said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation."

(Syllabus by the Court.)

*Error from District Court, Washita County;*
*Jas. R. Tolbert, Judge.*

Action between Alpha Schafer and Carrie Ballou. From the judgment, Schafer brings error. Affirmed.

*Brett & Rice,* for plaintiff in error.

Schafer v. Ballou.

*Massingale & Duff,* for defendant in error.

KANE, J. This was an action involving the heirship and distribution of the estate of E. W. Schafer, deceased. By a first marriage he had one child, Carrie Ballou, the defendant in error herein. By his second wife, Alpha Schafer, who survived him, he had no children. The evidence showed, and the court found, that all of the estate of the decedent, except about $500, was acquired by the joint industry of husband and wife during the second marriage. The surviving wife, the plaintiff in error, contends that under section 8985, Comp. Laws 1909, she is entitled to a child's share of the part of the estate of the decedent acquired prior to the first marriage, and the whole of that acquired by the joint industry of the decedent and herself during their coverture. The part of the foregoing section of the statute necessary to a determination of the question involved reads as follows:

"When any person having title to any estate not otherwise limited by marriage contract dies without disposing of the estate by will, it descends and must be distributed in the following manner: First. If the decedent leave a surviving husband or wife, and only one child, or the lawful issue of one child, in equal shares to the surviving husband, or wife and child, or issue of such child. If the decedent leave a surviving husband or wife, and only one child, or the lawful issue of one child, in equal shares to the surviving husband or wife and child or issue of such child. If the decedent leave a surviving husband or wife, and more than one child living and the lawful issue of one or more deceased children, one-third to the surviving husband or wife, and the remainder in equal shares to his children, and to the lawful issue of any deceased child, by right of representation; but if there be no child of the decedent living at his death, the remainder goes to all of his lineal descendants; and if all the descendants are in the same degree of kindred to the decedent they share equally, otherwise they take according to the right of representation; provided, if decedent shall have been married more than once, the spouse at the time of death shall inherit of the property not acquired during coverture with such spouse only an equal part with each of the living children of decedent, and the lawful issue of any deceased child by right of representation. If the decedent leave no surviving husband or wife, but leaves issue, the whole estate goes to such issue, and if such issue consists of more than one child living or one child living, and the lawful issue of one or more

deceased children, then the estate goes in equal shares to the children living or to the child living, and the issue of the deceased child or children by right of representation.  Second.  If the decedent leave no issue, the estate goes one-half to the surviving husband or wife, and the remaining one-half to the decedent's father or mother, or if he leave both father and mother to them in equal shares.  If there be no father then one-half goes, in equal shares, to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation.  If the decedent leave no issue, nor husband, nor wife, the estate must go to the father or mother, or if he leave both father and mother, to them in equal shares.  Provided, in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate to go to the survivor, at whose death if any of the said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation."

The court below found, as a matter of law, that Carrie Ballou, the daughter by the first marriage, was entitled to share equally in the estate of her father, whether the same was acquired before or after his marriage with Alpha Schafer, and entered a decree awarding to Carrie Ballou one-half interest in said property.  We think the judgment of the court below was correct.  To our minds the statute furnishes very little, if any, support to the contention of counsel for plaintiff in error.  The proviso relied upon by them provides that the whole property acquired by the joint industry of husband and wife during coverture, if there is no issue, shall go to the survivor.  In this case, however, there was surviving issue—the daughter of the first marriage.  How, then, can it be said that the surviving wife was entitled to take the whole estate, without reading into the statute words not written there by the Legislaure?

"In its legal sense as used in statutes and wills and deeds and other instruments, issue means descendants, lineal descendants, offspring."  (23 Cyc. 359, 360.)

It seems too clear for controversy that the children of the decedent, whether by the first or second wife, constitute issue as thus defined.  Little more can be said.  The statute is clear, and merely setting it out refutes the construction contended

for by the plaintiff in error. Its purpose is to prevent the collateral kindred of a deceased married person from inheriting his property accumulated during coverture by the joint industry of husband and wife until after the death of the surviving spouse, and not to cut off his issue or lineal descendants.

Finding no error, the judgment of the court below is affirmed. All the Justices concur.