(No. 15672.—Decree affirmed.)
GRACE M. SAUNDERS, Appellant, *vs.* MARIAN B. SAUNDERS
*et al.* Appellees.

*Opinion filed December 19, 1923.*

WILLS—*when widow not mentioned in will cannot file bill to contest it.* One who claims to be the widow of a testator who died leaving children cannot file a bill to contest the will in which she was not mentioned but which gave the remainder of his estate, after specific bequests, to another woman as his "beloved wife," as the rights of the alleged widow, under the statute, are the same whether the estate is testate or intestate, and she has no direct, existing pecuniary interest which will be detrimentally affected by the probate of the will.

APPEAL from the Circuit Court of DuPage county; the Hon. MAZZINI SLUSSER, Judge, presiding.

EDWARD J. KELLEY, for appellant.

CHARLES W. HADLEY, and JOHN W. LEEDLE, for appellee Marian B. Saunders.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

James Saunders, a resident of DuPage county, Illinois, died there testate May 19, 1921. By his will, after making certain devises and bequests to his children and grandchildren, he made certain bequests to church and Masonic lodge organizations and devised the remainder of all his property to his "beloved wife, Marian B. Saunders," and named her as executrix of his will without bond. The will was admitted to probate July 6, 1921, and Marian B. Saunders was appointed and qualified as executrix. On June 26, 1922, appellant, Grace M. Saunders, filed the bill in this case to contest the will on the ground of mental incapacity and undue influence. Grace M. Saunders (hereafter referred to as appellant) alleged she was the widow of testator. She

was not mentioned in the will and no provision whatever was made for her therein. Marian B. Saunders and other parties defendant to the bill demurred to it, assigning special causes of demurrer. The court sustained the demurrer and appellant took leave to amend, and the bill was amended by making slightly more specific the allegation that appellant was the widow of the testator. The amended bill was demurred to and the demurrer was overruled. Subsequently the court vacated and set aside the order overruling the demurrer to the amended bill, sustained the demurrer and dismissed the amended bill for want of equity, from which decree this appeal is prosecuted.

Section 7 of the chapter on wills confers the right on "any person interested" to file a bill within one year after the probate of any will to contest its validity, and the question here presented for determination is whether the bill was filed by a person interested, having the right, under the statute, to contest the will.

Appellant bases her right to maintain the bill on the claim that she is the widow of the testator. While James Saunders by his will purported to dispose of his entire estate, real and personal, he made no provision in it for appellant but did make provision for Marian B. Saunders, whom he described as his "beloved wife." If appellant is the widow, as she claims to be, the estate as to her is intestate, but except as to her rights as widow under the statute it is testate estate. No provision having been made in the will for appellant, there was no necessity for her to renounce the will in order to take her interest in the testator's property as the widow. She could not be deprived of her rights as widow, conferred upon her by the statute, to dower in the real estate and to one-third of the personal property after the payment of debts and costs of administration. (*Laurence v. Balch,* 195 Ill. 626; *Zakroczymski v. Zakroczymski,* 303 id. 264.) "Person interested" means a person who has a direct, existing pecuniary interest which

will be detrimentally affected by the probate of the will. (*Cassem* v. *Prindle,* 258 Ill. 11, and cases there cited; *Storrs* v. *St. Luke's Hospital,* 180 Ill. 368; *In re Fallon,* 107 Iowa, 120; *McMasters* v. *Blair,* 29 Pa. St. 298.) It seems clear under the authorities cited that appellant was not a person interested within the meaning of the statute and could not file a bill to contest the will. The court correctly sustained the demurrer and dismissed the bill.

The decree is affirmed.