**McCOY et al. v. LEWIS et al.**

No. 21692. Nov. 28, 1933.

J. N. Fortner, W. T. Williams, and T. G. Carr, for plaintiffs in error.

H. P. Hosey and Tom Finney, for defendants in error.

CULLISON, V. C. J. Nellie Samuel Stechi executed her last will and testament thereby willing all of her property to her grandchildren. Upon her death the will was presented for probate by the devisees and legatees of the will. The deceased left no sons or daughters surviving, but left one sister, Sissie McCoy, and certain nephews and nieces, sons and daughters of deceased brothers and sisters of the deceased. The surviving sister and nephews and nieces objected to the admission of the will to probate and contested the same. The proponents of the will demurred to the contestants' objections, and the county court sustained the demurrer and admitted the will to probate. Contestants appealed to the district court, and the district court affirmed the judgment of the county court, from which order and judgment of the district court contestants appeal to this court, where they appear as plaintiffs in error.

The only question raised by contestants is :

"Do the grandchildren of a deceased, there being no nearer relation, inherit her estate to the exclusion of a sister and the children of deceased brothers and sisters of the deceased, all being full-blood restricted Indians and the estate being situated in the state of Oklahoma?"

The trial court in sustaining the demurrer of proponents to contestants' objections did so on the theory that contestants were not persons interested in the estate of the deceased so as to entitle them to appear and contest the probate of said will.

Section 1103, C. O. S. 1921, prescribes who may contest a will, and provides, in substance, that any person interested may appear and contest the will. And then further provides the method by which devisees, legatees, or heirs may proceed.

In the case at bar the record discloses that the contestants were not devisees or legatees, but contestants contend that they are heirs of the deceased under our statute of descent and distribution. Contestants contend that, since the deceased left no living son or daughter and no closer lineal descendant than grandchildren, paragraph 3 of section 11301, C. O. S. 1921, is the applicable portion of our statute of succession under which the case at bar falls.

Said paragraph is as follows:

"Third: If there be no issue, nor husband nor wife, nor father, nor mother, then in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation; if the deceased, being a minor, leave no issue, the estate must go to the parents equally, if living together; if not living together, to the parent having had the care of said deceased minor."

We observe that that portion of the statute just quoted provides:

"If there be no issue, nor husband nor wife, nor father, nor mother, then in equal shares to the brothers and sisters of the decedent. * * *"

The real question in this case is whether there was issue or not. If grandchildren are to be considered as issue, then the third paragraph of said section is not the applicable section, but if grandchildren are not considered as issue, then said section would be applicable.

In our consideration of the question of whether or not grandchildren are to be considered as issue, we find that this court has passed upon the question in the case of Schafer v. Ballou, 35 Okla. 169 (1912), 128 P. 498 (2d Case):

"In its legal sense, as used in statutes and wills and deeds and other instruments, 'issue' means descendants, lineal descendants, offspring."

We further observe that paragraph one of the section under consideration provides:

"If the decedent leave a surviving husband or wife, and only one child, or the lawful issue of one child, in equal shares to the surviving husband, or wife and child, or issue of such child. * * *"

We observe that in the portion of the statute just quoted, grandchildren are referred to as "issue."

This statement from our statutes and interpretation placed upon the same by this court holding that "issue" meant lineal descendants is sufficient to rebut the contention of contestants.

As we view the case at bar, the deceased left issue, to wit, certain grandchildren, who were her only heirs under the law and the only persons entitled to contest said will under section 1103, C. O. S. 1921.

The parties appearing and attempting to contest were not entitled to contest under the provisions of section 1103, C. O. S. 1921.

After a full and careful consideration of the record and authorities in this case, we conclude that the decision of the trial court sustaining proponents' demurrer properly construed the law relative to the contest of the will under consideration, and that the trial court committed no error in its decision thereon. The judgment of the trial court is affirmed.

SWINDALL, ANDREWS, McNEILL, and WELCH, JJ., concur. RILEY, C. J. and OSBORN, BAYLESS, and BUSBY, JJ., absent.