KLICKE, PLAINTIFF, *v.* UHLENBROCK ET, DEFENDANTS.

Common Pleas Court, Hamilton County.

No. A-197079. Decided April 16, 1964.

Mr. *Harry Falk*, for plaintiff.

Mr. *Melvin C. Rueger* of Messrs. *Rolf, Dolle, Rueger, Mongan & Leming*, for defendant.

RENNER, J. On July 18, 1963, plaintiff filed her petition to contest the Will of Frank Duttenhofer. In it she alleges that she is the surviving spouse of Frank Duttenhofer who died on or about February 22, 1963; that on March 11, 1963, a certain paper writing dated April 14, 1958, and purporting to be the last will and testament of Frank Duttenhofer was admitted to probate and record; that letters testamentary were issued to the defendants, Albert J. Uhlenbrock and William Duttenhofer, as co-executors thereof, and that they are acting as such executors.

The petition also names three of the defendants as the children of the decedent, and it recites that they, with a number of other defendants are the several legatees and devisees under the purported will; that such paper writing is not the last will and testament of Frank Duttenhofer, deceased, and the prayer is in the usual form asking that the paper writing be set aside and held for naught and for other proper relief. Plaintiff is not mentioned in the will.

A demurrer to this petition was filed by the co-executors of the estate on the ground that plaintiff does not have the

legal capacity to sue. It is this demurrer which is for consideration here.

In their memorandum brief counsel for the executors contend that the issue of plaintiff's marriage to the decedent is not a proper one to be determined in this action. The petition alleges that plaintiff is the surviving spouse of Frank Duttenhofer and, for the purposes of this demurrer, that allegation must be taken as true.

Counsel further contend that even if it is assumed that plaintiff is the surviving spouse of the decedent she would not be an interested person within the contemplation of Section 2741.01, Revised Code. They base this contention on the fact that in the event that plaintiff should succeed in setting aside the will, her intestate share of the estate would be the same as the share she would receive if she were to elect not to take under the will, as provided in Section 2107.39, Revised Code, and that the right to make such election is still available to her under the provision of the last paragraph of that section.

The petition does not reveal whether plaintiff has or has not made an election, but it does disclose that plaintiff was not included in the will as a legatee or devisee. No provision has been made for the plaintiff in the will which is under attack. It is reasonable to assume that any election which the plaintiff may have already made, or which she would make in the future, if the will was sustained would be an election not to take under the will.

The authority for such an inference is found in *Howard* v. *Brower*, 37 Ohio St., 402. The Supreme Court in that case inferred from the averments in a petition that the agreement sued on was not in writing and that the trial court had erred in overruling the demurrer to the petition.

Under the provisions of Sections 2107.39 and 2105.06 subsection (C), Revised Code, plaintiff would receive the same share of the decedent's estate, namely, one-third of the net estate whether she succeeds in setting the will aside or whether she elects not to take under the will.

The law is well settled in Ohio that an "interested" person within the contemplation of Section 2741.01, Revised Code, means a person who has a direct pecuniary interest in the devolution of a testator's estate as would be impaired or de-

feated by the will, or would be benefitted by setting the will aside. 55 Ohio Jurisprudence (2d), Section 353, at page 753.

Counsel have cited no cases in which an Ohio court has had before it the question which is presented here and I have found none. Counsel for the executors, however, cite a number of cases in other states in which a surviving spouse was denied the right to contest the will of her husband when she would not have benefitted by setting it aside.

The first of these cases is *Saunders* v. *Saunders*, 310 Ill., 371, the syllabus of which reads as follows:

"One who claims to be the widow of a testator who died leaving children cannot file a bill to contest the will in which she was not mentioned but which gave the remainder of his estate, after specific bequests, to another woman as his "beloved wife," as the rights of the alleged widow, under the statute, are the same whether the estate is testate or intestate, and she has no direct existing pecuniary interest which will be detrimentally effected by the probate of the will."

Another case which they cite is *Thompson* v. *Turner*, 173 Ind., 593, syllabus paragraph 5, reads as follows:

"A widow, to whom her husband devised the same interest in his estate that was provided for her by the laws of descent, can not join as a party plaintiff in an action to contest such will, the devise as to her being void."

In construing the meaning of the Indiana statute which provided that "any person may contest the validity of will, or resist the probate thereof, etc.," the court remarked, at page 596 of the opinion—

"It will be observed that a literal construction of Section 3154, supra, would permit a stranger to a will to maintain an action for its contest, and thus put it in the power of a mischief-maker to annul a will that was entirely satisfactory to the heirs and beneficiaries. This is absurd. So it should be considered settled that, under our statutes, none but persons who have a subsisting property interest of some kind, affected by the will, can maintain an action for its overthrow."

Another case in point which counsel for the executors cite is *Jensen* v. *Hinderks*, 338 Mo., 459.

In denying a caveator the right to assail the validity of a will, the United States Court of Appeals, for the District of

Columbia, in *Werner* v. *Frederick*, 94 F. (2d), 627, at page 630 of the opinion stated:

"The reason for requiring an interest to set aside a will to be shown, before an attack upon the will may proceed, is that the estate of a decedent ought not be subjected to the trouble and expense of an attack, except by one who, if the attack proves successful, would have some legal claim upon the estate. See *Safe Deposit and Trust Co., of Baltimore* v. *Devilbiss*, 128 Md., 182, 187."

In a later case, *Kimberland* v. *Kimberland*, 204 F. (2d), 38, cited by counsel for the executors, the same court clarified the meaning of the above expression in the *Werner case.* Syllabus paragraph 1, reads as follows:

"Interest which caveator must possess to enable him to assail validity of will in District of Columbia is such that, had testator died intestate, caveator would have been entitled to distributive share in estate, and such share would be different from that which caveator would be entitled to if will were held valid."

Inasmuch as the public must bear the major portion of the costs of our judicial system, their interest should also be considered along with the inconvenience, expense and possible loss to the defendants in this action. It is because of this public interest that our courts have consistently refused to consider moot or abstract cases. For this reason and those noted in the above cases a surviving spouse should not be permitted to resort to the costly and time consuming action to contest a will when the same result can be accomplished by the simple method of electing not to take under the will of the decedent.

Counsel for plaintiff contends that if Lena Klicke is precluded from proceeding further in this action, and is compelled to resort to an election not to take under the will, she will in that proceeding be denied the privilege of testifying as to her marriage to the testator; the issue of her marital status has already been raised in this action by the answer of Ada Foley, one of the defendants.

Plaintiff's counsel has assumed that Lena Klicke will be permitted to testify in this case on the separate issue of her marriage to Frank Duttenhofer. He bases this assumption

on the provisions of the last paragraph of Section 2317.03, Revised Code.

Counsel have submitted no authorities and I have been unable to find any in which an Ohio court has considered the question of a plaintiff's right to testify on issues that are incidental or collateral to the main issue of the validity of a will. In the following cases our courts have adopted rules governing procedure in will cases where incidental or collateral issues are presented:

*Kennedy* v. *Walcutt*, 118 Ohio St., 442; *Morton* v. *Fast*, 159 Ohio St., 380, 50 Ohio Opinions, 335; *Zinn* v. *Ferris*, 15 C. C. (N. S.), 148 (affirmed without opinion in 88 Ohio St., 555), and cited and applied in *Morton* v. *Fast, supra*; and *Wilson* v. *Wilson*, 8 Ohio App., 258.

In all of these cases the courts have held that issues, such as the relationship of a plaintiff to the testator, in a will contest are triable to the court in advance of the ultimate issue as to the validity of the will.

In *Morton* v. *Fast, supra*, syllabus paragraph 1, it is stated that the rules of pleading generally applicable to civil actions should be applied in a will contest, except where they are inconsistent with special statutory provisions relating to such contest. Inasmuch as the courts in all of the above cases have, in principle, applied the doctrine set forth in syllabus one in the *Morton case* as to rules of procedure, it logically follows that such doctrine or rule should apply also to the general rules of evidence unless inconsistent with the special statutory provisions relating to will contests.

Therefore, on the hearing of the collateral issue of the marriage of the plaintiff to the decedent, the general rule found in the first paragraph of Section 2317.03, Revised Code, should be applied, and not the exception to the general rule which appears in the last paragraph of that section. Plaintiff's right to testify would, therefore, be limited to the final issue as to the validity of the will; she would be denied the privilege of testifying on the preliminary trial of the collateral issue of her marriage to testator, which would be heard by the court.

Plaintiff's counsel also suggests in a letter memorandum that ''a surviving spouse may be interested in having set aside

the purported will of her deceased spouse, because a previous will gives the surviving spouse more than does the purported will." If such a previous will of Frank Duttenhofer was actually executed by the decedent, plaintiff is required to specially plead such facts and this issue, like that of the marital relationship, must be determined by the court before the submission to the jury of the ultimate issue as to the validity of the will here under attack. *Wilson* v. *Wilson, supra,* syllabus paragraph 1.

In conclusion the court finds the demurrer of the co-executors to plaintiff's petition well taken and the demurrer should therefore be sustained.