**WASHINGTON AND LEE UNIVERSITY and The Oklahoma Children's Memorial Hospital, Petitioners,**

v.

**The DISTRICT COURT OF OKLAHOMA COUNTY, PROBATE DIVISION, and Honorable Carl Traub, Associate District Judge, Probate Division, Respondents.**

No. 45027.

Supreme Court of Oklahoma.

Nov. 2, 1971.

Rehearing Denied Jan. 11, 1972.

John H. Cantrell, Lee B. Thompson, Ralph G. Thompson, Cantrell, Douglass, Thompson & Wilson, Oklahoma City, David Swank, The University of Oklahoma, Norman, for petitioners.

O. R. Cargill, Jr., Oklahoma City, Conner, Little & Conner, Leslie L. Conner, James M. Little, Leslie L. Conner, Jr., Oklahoma City, for respondents.

IRWIN, Justice:

The Last Will and Testament of James Enoch Piersol, Jr., deceased, was offered for probate and Rachel Virginia Piersol, his surviving widow, filed her petition contesting its admission. Washington and Lee University and the Oklahoma Children's Memorial Hospital, residual beneficiaries under the will, filed pleadings which placed in issue the right of the surviving widow to contest its admission. The specific issue presented was whether or not the surviving widow was a "person interested" as those words are used in 58 O.S.1961, § 29, which provides that "any person interested" may appear and contest a will.

The trial court (respondent), in effect, determined that the surviving widow was a "person interested" and had the right to contest the admission of the will to probate and set the contest for hearing. In this original proceeding, Petitioners seek a writ prohibiting the respondent (the trial court) from further proceeding in the will contest.

There is pending in the district court a separate action commenced by the surviving widow wherein she seeks to set aside an alleged antenuptial agreement entered into by her and the testator. The final adjudication of that case will be material in the distribution of testator's estate in the probate proceedings for the following reasons:

(1) If the surviving widow is successful in setting aside the alleged antenuptial agreement, she will have the right by virtue of 84 O.S.1961, § 44, (forced heir statute) to elect to take under the laws of succes-

sion or under the will. In re Rettenmeyer's Estate, Okl., 345 P.2d 872 (1959).

(2) If the surviving widow is not successful in setting aside the alleged antenuptial agreement, the antenuptial agreement will be enforceable because § 44, supra, expressly authorizes antenuptial agreements between persons contemplating marriage which determine the prospective rights of each in the property of both parties during and after marriage. In re Cobb's Estate, Okl., 305 P.2d 1028 (1956). Since it would be enforceable, the surviving widow would have no right of election to take under the will or under the laws of succession. In re Blaydes' Estate, 202 Okl. 558, 216 P.2d 277 (1950); and Rettenmeyer's Estate, supra.

Although the final adjudication of the surviving widow's action to set aside the antenuptial agreement will be material in the distribution of testator's estate, this does not necessarily mean that such pending action or its final adjudication is material or pertinent in determining whether or not the surviving widow is entitled to contest her husband's will.

The surviving widow, in her petition contesting the will, alleged that the testator was incompetent to make a will and was under undue influence and duress at the time of making the will. In an amended petition she alleged that the testator did not intend to dispose of her rightful inheritance of an undivided one-third interest in his estate. In her brief the surviving widow states that her husband's will leaves her nothing and that under the terms of the alleged antenuptial agreement she shall not have any interest in any of the separate property of her husband "wherever the same may be located or situated, and waives all right to participate in his estate, including what he now owns and what he may hereafter acquire by gift, inheritance, purchase or otherwise."

If the surviving widow is successful in setting aside the antenuptial agreement, she would have the right of election as a "forced heir" but the record does not in-

dicate that she would receive a greater interest in her husband's estate if the will were denied admission to probate, or receive a lesser interest if the will were admitted to probate. This analysis is grounded on the proposition that if the will is denied admission to probate, the surviving widow's distributive interest in her husband's estate would be determined by the laws of succession; and if the will is admitted to probate, she could exercise her right of election and her distributive interest would also be determined by the laws of succession.

If the surviving wife is not successful in setting aside the antenuptial agreement, she would not receive a greater interest in her husband's estate if the will were denied admission to probate, or receive a lesser interest if the will were admitted to probate. This analysis is grounded on the proposition that she would have no right of election because the antenuptial agreement would be enforceable whether her husband's will were admitted to probate or denied admission to probate.

Stated in another way, whether the surviving widow is or is not successful in setting aside the antenuptial agreement, the record does not indicate that she would receive a lesser interest in her husband's estate if the will were admitted to probate, or be benefitted if the will were denied admission to probate. Therefore, the fundamental issue presented is: Is a surviving widow entitled to contest the will of her deceased husband if her interest in her deceased husband's estate would not be impaired or defeated if the will were admitted to probate, or her interest would not be benefitted if the will were denied admission to probate?

In Mantz v. Gill, 147 Okl. 199, 296 P. 441 (1931), we held that a surviving husband of a common-law marriage has the right to appear and contest the will of his deceased wife. An examination of that decision and the record discloses that the primary issue presented was whether or not the relationship of the contestant and the decedent had ripened into a common-law marriage. Whether the contestant (the husband) constituted a "person interested" in his deceased wife's estate within the meaning of § 29, supra, was never placed in issue.

In McCoy v. Lewis, 166 Okl. 245, 27 P. 2d 350 (1933), we affirmed the judgment of the trial court which denied the right of a surviving sister, nephews and nieces of a decedent to contest decedent's will on the grounds that under § 29, supra, the only person who may contest the admission of a will to probate is one having an interest in the estate of the decedent. In McCoy, the contestants would not have been entitled to an interest in decedent's estate had the will been denied probate and her estate distributed according to the laws of succession because the decedent left issue.

In 78 A.L.R.2d 1062, it is stated that in most jurisdictions the rule is established (in some instances in the form of a statute), that a surviving spouse is a proper party to contest the will of the deceased spouse *only if* the survivor would profit by rejection of the will or would be a party "aggrieved" by its being held valid and its terms carried into execution:

The above statement is clarified by examination of Kimberland v. Kimberland, 92 U.S.App.D.C. 145, 204 F.2d 38 (1953); and Rothenberg v. Rothenberg, 107 U.S. App.D.C. 11, 273 F.2d 825, 78 A.L.R.2d 1056 (1959); both decided by the United States Court of Appeals, District of Columbia. The statute construed in those cases provided that "any party in interest" may contest a will offered for probate.

In Kimberland, the surviving husband contested the admission to probate the will of his deceased wife. The beneficiary under the will filed a motion to dismiss the husband's contest. The court stated that the husband would take the same share of the estate whether the will was or was not admitted to probate. In affirming the judgment of dismissal, the Court of Appeals said that the interest which a contestant must possess to protest the validity

of a will is such that had testator died intestate, contestant would have been entitled to a distributive share in the estate, and such share would be different from that the contestant would be entitled to if the will were admitted to probate.

In Kimberland, the court also held that the mere possibility that the contestant husband might be appointed administrator of his deceased wife's estate if the will were denied probate did not make him "a party in interest."

Kimberland was distinguished in the Rothenberg case, supra, and the Court of Appeals reversed the judgment of the trial court which dismissed the testator's widow's contest of the will. The court found that the suriviving widow was "a party in interest" and could contest the will of her deceased husband, where the will acknowledged certain debts and directed the executor to make the indebtedness a charge against the estate, and where such acknowledgment would have a bearing, if the will were admitted to probate, in determining the propriety of asserting the statute of limitations against the acknowledged debts.

In Saunders v. Saunders, 310 Ill. 371, 141 N.E. 708, no provision was made for a widow in her husband's will and she contested its admission to probate on the grounds of mental incapacity and undue influence. The Illinois Supreme Court affirmed the judgment of the trial court which denied her right to contest, and said the term "person interested" means a person who has a direct, existing pecuniary interest which will be detrimentally affected by the probate of the will.

In Klicke v. Uhlenbrock, Ohio Com.Pl., 200 N.E.2d 497, it was held that a surviving spouse of the testator was not a person interested within the statute authorizing a will contest by a "person interested". The court said that the law is well settled in Ohio that a "person interested" within the contemplation of the Ohio statute means a person who has a direct pecuniary interest in the devolution of a testator's estate which would be impaired or defeated by the

will, or would be benefitted by setting the will aside. The court also said:

"In denying a caveator the right to assail the validity of a will, the United States Court of Appeals, for the District of Columbia, in Werner v. Frederick, et al., 68 App.D.C. 158, 94 F.2d 627, at page 630 of the opinion stated:

"'The reason for requiring an interest to set aside a will to be shown, before an attack upon the will may proceed, is that the estate of a decedent ought not be subjected to the trouble and expense of an attack, except by one who, if the attack proves successful, would have some legal claim upon the estate. See Safe Deposit & Trust Co. of Baltimore v. Devilbiss, 128 Md. 182, 187, 97 A. 367, 369, 1916.'"

The California Supreme Court in In re Plaut's Estate, 27 Cal.2d 424, 164 P.2d 765, said that by statute, only a person interested may contest a will and that a person interested is one who has "such an interest as may be impaired or defeated by the probate of the will, or benefitted by setting it aside". Aubry v. Both, Calif., 38 Cal.2d 151, 238 P.2d 578, supports the rule that where a widow had an interest which would be impaired by probate of her deceased husband's will or benefitted by setting it aside, the widow was a "person interested" who might contest the will.

In Dillow v. Campbell, 453 P.2d 710 (1969), we said that § 29, supra, was also applicable to codicils. In that case, Dillow was nominated as a co-trustee and co-executor in decedent's will. In a codicil to the will, the nomination of Dillow as co-trustee and co-executor was revoked. Dillow contested the admission of the codicil to probate. One of the issues specifically presented and considered in that case was whether or not Dillow was a "person interested" within the meaning of § 29, supra. In that case we said that certainly a person interested, as those words appear in § 29, are subject to a less than literal application, as it is inconceivable that the Legislature intended to allow a stranger to burden probate proceedings by gratuitous litigation,

and exclusion of the merely meddlesome is axiomatic. We also said:

"* * * one who has no pecuniary interest in an estate may not contest the appointment of the executor and trustee named in a valid codicil or in a valid subsequent will. Only persons who might be injured by admitting the codicil to probate may contest it. An interest in the property of the estate is the foundation of the right to contest it. Thus N. L. Dillow, standing alone, does not hold the right to challenge admission of the codicil. Had he been appointed and had he then served, he would have been paid only for the service performed."

 In our opinion, the term "any person interested" as used in § 29, supra, means any person having such a direct pecuniary interest in the devolution of a testator's estate that his interest would be impaired or defeated if the will were admitted to probate, or his interest would be benefitted if the will were denied admission to probate.

The record does not indicate in any manner whatsoever that Rachel Virginia Piersol's interest in her husband's estate would be benefitted if the will of her deceased husband were denied admission to probate, or that her interest would be impaired or defeated if the will were admitted to probate. Therefore, she is not a "person interested" within the meaning of § 29, and not entitled to protest the admission of her husband's will to probate.

In the exercise of our superintending control over the trial court, (Art. 7, § 4, Oklahoma Const.) we assume original jurisdiction. The writ shall issue and the trial court is prohibited from further proceeding in the contest of the will filed by Rachel Virginia Piersol.

The judgment or order of the trial court which in effect held that Rachel Virginia Piersol was a "person interested" and could contest the admission to probate of the will of her deceased husband is vacated; and the cause is remanded to the trial court with directions to sustain Petitioners' demurrer to her petition and the amendments con-

testing the admission of the will to probate. Since the final adjudication of the surviving widow's action to set aside the antenuptial agreement will be material in the distribution of the testator's estate, the probate court is ordered to hold in abeyance the distribution of any of testator's estate that would prejudice the rights of the surviving widow until that case is finally adjudicated.

Original Jurisdiction Assumed; and Writ of Prohibition Granted.

All the Justices concur.