**In the Matter of the ESTATE and Last Will and Testament of Lon REAGAN, a/k/a Lon F. Reagan, Deceased.**

**No. 47254.**

Court of Appeals of Oklahoma, Division No. 1.

Jan. 21, 1975.

Rehearing Denied Feb. 18, 1975.

Certiorari Denied April 1, 1975.

Released for Publication by Order of Court of Appeals April 3, 1975.

G. W. Armor, Laverne, for proponents-appellants.

Max Carder, Hobart, for contestants-appellees.

Omer Luellen, Hinton, on briefs amicus curiae.

ROMANG, Presiding Judge.

This is an appeal from the Final Decree of Distribution in the probate of the Estate of Lon Reagan a/k/a Lon F. Reagan, who died testate on February 10, 1972 at the age of approximately 94 years. His will was dated May 13, 1954, and it reads in part as follows:

"(1) I direct the payment of all my just debts and funeral expenses.

"(2) All the rest and residue and remainder of my estate, both real and personal, of which I may die seized and possessed, I give, bequeath and devise a One-Half (½) of said residue, in equal shares, to my brothers and sisters and to the children of any deceased brother or sister by right of representation, except I have one deceased brother, Dee Kalb Reagan, who has died leaving no children or lineal descendants, and it is my will and desire, and I do hereby devise and bequeath the same portion or part of my estate that would have gone to Dee Kalb Reagan, if he had not preceded me in death, to his widow, Mabel Reagan, but in the event Mabel Reagan should predecease me or in the event Mabel Reagan should remarry and not be the widow of Dee Kalb Reagan at the time of my death, then the devise and bequest to the said Mabel Reagan shall lapse and be of no legal effect, and the portion of my estate that would have gone to Mabel Reagan shall vest and go to my other brothers and sisters or their children by right of representation; and the other One-Half (½) of the residue of my estate, I give, devise and bequeath, in equal shares, to the brothers and sisters of my deceased wife, Martha E. Reagan, and to the children of any deceased brother or sister of the said Martha E. Reagan by right of representation, and it is my will and desire that Mary F. Cope, the daughter of my deceased wife, Martha E. Reagan, but who is not my daughter, shall receive no portion or part of my estate."

There was a codicil dated January 15, 1963 in which Lon Reagan appointed Myrtle Greenfield and Omer Luellen as joint executors, and also appointed Omer Luellen as attorney for the estate. Myrtle Greenfield was a niece of Lon Reagan, and

Omer Luellen was the attorney who drew both the will and the codicil of Lon Reagan.

The parts of the Final Decree of Distribution which are relevant to the issue herein, read as follows:

"The Court further finds that the said Lon Reagan also known as Lon F. Reagan, deceased, died without any lineal descendants; that is, the said Lon Reagan, also known as Lon F. Reagan, never had issue of his body, such as children or grandchildren, during his life time, and the Court further finds that Lon Reagan, also known as Lon F. Reagan, died as a widower without a surviving wife and that his wife, Martha E. Reagan, died many years prior to Lon Reagan, also known as Lon F. Reagan.

"The Court further finds that Mabel Reagan, the widow of Dee Kalb Reagan, remarried and is married at the present time and therefore, the said Mabel Reagan is not the widow of Dee Kalb Reagan and pursuant to the terms of the last Will and Testament of Lon Reagan, also known as Lon F. Reagan, the devise and bequest that would have gone to Mabel Reagan has lapsed and the portion that would have gone to her shall vest and will go to the other brothers and sisters of Lon Reagan, also known as Lon F. Reagan, or their children by right of representation."

The trial court further held that the will is not ambiguous or uncertain, and that the devises to brothers and sisters and to the children of any deceased brother and sister by right of representation, are limited to children of brothers and sisters to the exclusion of grandchildren and more remote descendants. It is from this holding that this appeal is made.

At the time of death of Lon Reagan all of the brothers and sisters of both Lon Reagan and Martha E. Reagan were deceased, and in a number of instances some of the children, grandchildren and great-grandchildren of such deceased brothers and sisters were also deceased.

The question for decision is whether the phrase "and to the children of any deceased brother or sister by right of representation" was intended to include grandchildren and other remote descendants by right of representation. In 26A C.J.S. Descent and Distribution § 23, p. 564, it is stated:

"Taking by representation or by right of representation means taking per stirpes; and it occurs when descendants of a deceased person take together the same share of the estate of another person that their ancestor would have taken, if living."

Martha E. Reagan died testate in 1936. The Final Decree in the probate of her estate reads as follows:

"The court further finds that under and by virtue of the terms of said will of Martha E. Reagan, deceased, that the residue of said estate, after paying debts and costs of administration, is devised and bequeathed as follows:

"Second: I hereby give and bequeath to my daughter and only child, Mary F. Cope, the sum of $5.00 in money.

"Third: All the residue and remainder of my estate, both real and personal, of which I may die siezed and possessed, I hereby give, bequeath and devise to my beloved husband, Lon F. Reagan, to use and enjoy during his lifetime, with the power to sell, transfer and convey good title to the same; and that upon the death of my said husband, Lon F. Reagan, all of my said estate and the proceeds thereof not used and consumed by my said husband during his lifetime is hereby bequeathed and devised, one-half in equal shares to my brothers and sisters and to the children of any deceased brother or sister by right of representation; and one-half in equal shares to the brothers and sisters of my said husband and to the children of any deceased brother or sister by right of representation."

In Falter v. Walker, 47 Okl. 527, 149 P. 1111 (1915), dealing with intestate succession, the court said:

"Generally, 'children,' with respect of parentage, means sons and daughters, of whatever age, and the term is never held to include grandchildren or more remote descendants, unless a strong case of intention or necessary implication requires it.

\* \* \* \* \* \*

". . . In the construction of wills where greater latitude is allowed in order to effect the intention of the testator, sometimes grandchildren have been allowed to take under a devise 'to my surviving children'; but even in such circumstances the word 'children' will not be construed to mean 'grandchildren,' except to effect the obvious intention of the testator. Adams v. Law, 17 How. 417, 15 L.Ed. 149."

96 C.J.S. Wills § 713 pp. 93–94, reads as follows:

"As a general rule a gift by substitution on the death of those originally intended to take will be construed to provide for a division per stirpes. A gift to a class of persons or on their death to their issue, heirs, heirs of their body, representatives, or children or grandchildren will be distributed among such issue, heirs, children, etc., per stirpes; unless the will discloses an intention to the contrary. Also, a gift to named persons, the lawful issue of any legatee who dies before the termination of a prior life estate to take the share the legatee would have taken had he or she survived the life tenant, goes to the lineal descendants of a deceased legatee per stirpes. A division per stirpes is imported where the testator provides that children shall have the portion which would have fallen to their respective parents, or where there is a gift to the children of several by way of substitution. Likewise, a direction that children shall take their parent's share, or that legatees shall take by representation, provides for a per stirpes division."

In the case of In Re Daniel's Estate, 401 P.2d 493 (Okl.1965), the court held in the syllabus as follows:

"1. When a testator omits to provide in his will for any of his children, or for the issue of any deceased child, unless it appears that such omission was intentional, such child, or the issue of such child, succeeds to the same share in the estate of the testator, as if he had died intestate.

"2. A will, being ambulatory, is not operative until the death of its maker, then speaks his or her intention at the time of its execution."

The opinion in *Daniels* reads as follows:

"In Spaniard v. Tantom, supra, [131 Okl. 75, 267 P. 623], we quoted with approval language from In re Hassell's Estate, Cal., 168 Cal. 287, 142 P. 838, as follows:

'"It is, of course, well established, that before what are considered to be the "natural rights" of children to share in the inheritance of their immediate ancestors shall be taken away, the intent that they shall not so share must appear upon the face of the will strongly and convincingly."' "

In the case of In Re Careaga's Estate, 61 Cal.2d 471, 39 Cal.Rptr. 215, 393 P.2d 415 (1964), the court said:

"We turn to a consideration of the meaning of the word 'children' as used in the original decree. That instrument provides that each of several named persons is to receive a life estate with the remainders over to 'their children' 'by right of representation.' By right of representation or per stirpes 'means taking the share of an immediate ancestor, who in turn takes the share of his next immediate ancestor, and so on until a common ancestor is reached.' (Maud v. Catherwood, 67 Cal.App.2d 636, 644, 155 P.2d 111, 115.) Remainders over to 'their children' 'by right of representation' contemplates possible remainders over to offspring of all degrees rather than merely to offspring of the first degree. A reasonable interpretation of

'children' as here used is that it means 'issue.' "

In McCoy v. Lewis, 166 Okl. 245, 27 P. 2d 350 (1933), the court syllabus states:

" 'In its legal sense as used in statutes and wills and deeds and other instruments, "issue" means descendants, lineal descendants, offspring.' Schafer v. Ballou, 35 Okl. 169, 128 P. 498.

"Under our statutes, grandchildren, being lineal descendants, inherit to the exclusion of a sister, nieces and nephews of the deceased."

In Savage v. Hill, 346 P.2d 323 (Okl. 1959), the court held in the syllabus as follows:

"In case of uncertainty, arising upon the face of a will, as to the application of any of its provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made."

84 O.S.1971, §§ 142, 151, 152 and 228 provide as follows:

"§ 142. When any estate is devised or bequeathed to any child or other relation of the testator, and the devisee or legatee dies before the testator, leaving lineal descendants, such descendants take the estate so given by the will, in the same manner as the devisee or legatee would have done had he survived the testator.

"§ 151. A will is to be construed according to the intention of the testator. Where his intention cannot have effect to its full extent, it must have effect as far as possible.

"§ 152. In case of uncertainty, arising upon the face of a will, as to the application of any of its provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, exclusive of his oral declarations.

"§ 228. Inheritance or succession by right of representation takes place when the descendants of any deceased heir take the same share or right in the estate of another person that their parents would have taken if living. Posthumous children are considered as living at the death of their parents."

In the instant case the "other relation of the testator" to which a devise and/or bequest was made, were Lon Reagan's brothers and sisters and the children of any deceased brother or sister by right of representation. Since none of Lon Reagan's brothers and sisters survived him, and since some of the children of deceased brothers and sisters were also deceased, did Lon Reagan intend in that circumstance, to disinherit the lineal descendants of the deceased children of deceased brothers and sisters. There is nothing in the will to indicate that he did.

Under § 142 when the devisee relative or legatee relative "dies before the testator, leaving lineal descendants, such descendants take the estate so given by will, in the same manner as the devisee or legatee would have done had he survived the testator."

■ Therefore, at the time of death of Lon Reagan, in those instances where there were deceased children of deceased brothers and sisters, and those deceased children left lineal descendants, such lineal descendants took by right of representation the estate so given by will, in the same manner as the devisee or legatee would have done had he or she survived the testator. Since § 142 does not limit the degree of lineal descendants who may take by right of representation under a testamentary devise or bequest to "relation of the testator," the children of deceased children of deceased children of deceased brothers and sisters would still take by right of representation.

The other one-half of the Lon Reagan estate was devised and/or bequeathed to the brothers and sisters of Martha E. Reagan and their respective children by right of representation. From the wording of the will the distribution to the relation of Martha E. Reagan was to be in the same manner as the distribution to the relation of Lon Reagan, and we find that it should be made accordingly.

We further find that the estate of Martha E. Reagan remaining at the time of death of Lon Reagan, should be distributed in the same manner as set forth in the two preceding paragraphs with one-half going by right of representation to the lineal descendants of her deceased brothers and sisters, and the other half going by right of representation to the lineal descendants of Lon Reagan's deceased brothers and sisters, which is all in accordance with the provisions of the last will and testament of Martha E. Reagan as set out in the Final Decree of her estate.

There is one other question which commands our attention. Appellees raise a question in their answer brief as to whether the attorney, G. W. Armor, has properly perfected the appeal in behalf of those he represents.

12 O.S.1971, § 990 provides that the Petition in Error shall be filed in the Oklahoma Supreme Court within thirty days from the date of the final order being appealed. Appellees concede that this was done in the instant case. § 990 further provides as follow:

"  .   .   .   [E]xcept for the filing of a petition in error as provided herein, all steps in perfecting an appeal are not jurisdictional."

Although some of the rules pertaining to appeals may not have been fully followed, we find that we have jurisdiction to grant the relief requested.

However we find that the interested parties represented by attorney Omer Luellen have not complied with the necessary requirements for perfecting an appeal. Therefore we have accepted the briefs of Omer Luellen as briefs amicus curiae.

We further hold that since the appeal perfected by attorney G. W. Armor for other interested parties has been sustained and goes to the validity of the distribution made by the trial court, that all interested parties will be bound by our holding herein, and distribution must be made accordingly. See Davis v. Mimey, 60 Okl. 244, 159 P. 1112 (1916).

In view of the foregoing, the judgment of the trial court as regards distribution is hereby reversed and this case is remanded with direction to enter a decree making distribution in accordance with our holdings herein.

Reversed and remanded with directions.

REYNOLDS and BOX, JJ., concur.