In the Matter of the ESTATES OF Roy Lee ALEXANDER, s/p/a R. L. Alexander, Deceased, and Anna Maude Alexander, Deceased.

Ethel Lucille BUCHANAN, Appellant,

v.

Alfred M. PARSONS, Proponent of the Wills, Devisee and Executor of the Estate of Roy Lee Alexander, Deceased, and Anna Maude Alexander, Deceased, and Pearl Menser, Claimant and purported Devisee under the Wills of Roy Lee Alexander, s/p/a R. L. Alexander, Deceased, and Anna Maude Alexander, Deceased and the Honorable Glenn Dale Carter, Associate District Judge of the District of Pottawatomie County, Oklahoma, Appellees.

No. 54011.

Court of Appeals of Oklahoma, Division No. 1.

Dec. 23, 1980.

Released for Publication by Order of Court of Appeals Jan. 29, 1981.

James B. Browne, Oklahoma City, for appellant.

Parsons, Parsons & Jackson by Randy C. Parsons, Shawnee, for appellee Alfred M. Parsons.

PER CURIAM:

Appellant contested the probate of the separate wills of Roy Lee Alexander (Roy) and Anna Maude Alexander (Anna), husband and wife. Appellant's petition was adopted by contestant George Haynes, brother of Anna. The District Court sustained the motion to dismiss filed by the Executor of the wills (a devisee, also) and a claimant because contestants were not interested persons under 58 O.S.1971, § 29. Appellant is a sister of Anna. Anna died about four months before Roy. There was no issue of this marriage. Roy's will noted the existence of three children by a prior marriage and disinherited them. When the Executor filed Roy's will for probate it was asserted that the Executor did not know where these children were or whether they were living or deceased. An attorney was appointed to represent them and he duly challenged Roy's will. It is stipulated that all of the two estates was "acquired by the joint industry of husband and wife during coverture ..." within the meaning of 84 O.S.1971, § 213 Second.

A person is interested under 58 O.S. 1971, § 29 if the will interferes with a direct pecuniary interest that would have arisen under the intestacy laws but for the purported will. *Washington and Lee University v. District Court*, 492 P.2d 320 (Okl.1971), cert. dism. 406 U.S. 951, 92 S.Ct. 2061, 32 L.Ed.2d 351. Appellant's claimed intestacy interest allegedly arises under 84 O.S.1971, § 213 Second which provides:

If the decedent leave no issue, the estate goes one-half to the surviving husband or wife, and the remaining one-half to the decedent's father or mother, or, if he leave both father and mother, to them in equal shares; but if there be no father or mother, then said remaining one-half goes, in equal shares, to the brothers and

sisters of the decedent, and to the children of any deceased brother or sister, by right of representation. If decedent leave no issue, nor husband nor wife, the estate must go to the father or mother, or if he leave both father and mother, to them in equal shares: Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of the said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation.

Appellant's position is that Anna's will was invalid and her property went to Roy under the coverture proviso to § 213. On Roy's death, his will also allegedly being invalid, one-half of Anna's coverture estate passing to Roy under the proviso goes to Anna's heirs, i. e. contestants. Appellees counter that inasmuch as there are "issue" under the proviso, i. e. Roy's children, that Appellant's interests under the coverture proviso are non-existent. Appellant responds that "issue" in the proviso means issue of the marriage and does not include his children by a former marriage.

Despite Appellees' contention to the contrary, no case squarely in point has been cited or found. In *Draughon v. Wright*, 200 Okl. 198, 191 P.2d 921 (1948), the question concerning whether children of the spouse dying second by a prior marriage were "issue" under § 213 Second was raised. But the Supreme Court's discussion of § 213 Second was limited to a jurisdictional dispute between the District Court and the County Court. As claimants under § 213 Second claim as heirs of the first dying spouse, *In re Griffin's Estate*, 199 Okl. 676, 189 P.2d 933 (1948), the question was held to concern the determination of heirship and belonged to the jurisdiction of the County Court. It is noteworthy that the Supreme Court affirmed the judgment of the District Court sustaining a demurrer to the claimants' action to quiet title to real property and to recover personal property. Since the District Court lacked jurisdiction to determine the heirs, the Supreme Court made no decision concerning our question.

■ The coverture proviso to § 213 Second is triggered by the following three conditions:

(1) intestacy of the decedent and surviving spouse,

(2) property acquired by joint industry, and

(3) no issue of the decedent.

While grammatically the proviso appears as a part of the second sentence to § 213 Second, it clearly deals with "all cases" of jointly acquired property and no issue. Equally clearly it deals with the lack of issue of the decedent whose property is passing to the surviving spouse and not the issue of the surviving spouse. Thus, in our case, the section must be construed considering the first dying spouse, Anna, as the decedent and the question of issue necessary to trigger the proviso is the question of her issue. As she clearly died without issue, the proviso was triggered and, if both Anna and Roy died intestate, Appellant, as Anna's heir, could claim one-half of the property Roy received from the jointly acquired property.

The consequence of this reasoning is that Appellant was an interested party under 58 O.S.1971, § 29. Whether she has any interest depends directly on whether both wills are invalid. This is a heavy burden but one which should expeditiously be decided on the merits. The case is reversed and remanded to the District Court for further proceedings consistent with the views expressed herein.

REVERSED AND REMANDED.

All Judges concur.