2000 OK CIV APP 100

### In the Matter of the ESTATE OF Dale J. SMITH, Deceased,

**Jim Cremin Smith, Special Personal, Representative, Proponent/Appellee,**

v.

**Joe W. Smith, Contestant/Appellant.**

### No. 93,748.

Court of Civil Appeals of Oklahoma, Division No. 1.

Decided Aug. 25, 2000.

---

Laurence L. Pinkerton, Judith A. Finn, Tulsa, Oklahoma, for Appellant,

William C. Mitchell, Tulsa, Oklahoma, for Appellee.

### *OPINION*

GARRETT, Judge:

¶ 1 Dale J. Smith, now deceased, and Appellant, Joe W. Smith, were brothers. Appellee, Jim Cremin Smith, apparently Dale's only child, is the Special Personal Representative of Dale's estate. Appellee produced a document and filed a petition to admit it to probate as Dale's Last Will and Testament and for appointment of himself as Personal Representative.

¶ 2 Joe filed a contest of the alleged will. Appellee filed a motion to dismiss the contest on the ground that Joe is not a "person interested" as is required by 58 O.S.1991 § 29. Section 29 provides:

Any person interested may appear and contest the will. Devisees, legatees or heirs of an estate may contest the will through their guardians or attorneys appointed by themselves, or by the court for that purpose; but a contest made by an attorney appointed by the court does not bar a contest, after probate, by the party so represented, if commenced within three (3) months from the date the will was admitted to probate; nor does the nonappointment of an attorney by the court of itself invalidate the probate of a will.

58 O.S.1991 § 104 provides:

Any person interested in a will may file objections in writing, to granting letters testamentary to the persons named as executors, or any of them; and the objections must be heard and determined by the court. A petition may at the same time, be filed for letters of administration, with will annexed.

The trial court held that Joe is not a "person interested" and lacked standing. The contest was dismissed. Joe appeals.

¶ 3 The material facts are not substantially disputed. The parties agree that decedent's wife preceded him in death, and Appellee is their only child. Thus, he is probably Dale's only heir at law. Joe is not mentioned in the will. He is neither an heir at law nor a beneficiary of the alleged will. Therefore, Appellee says, Joe lacks standing to contest the alleged will.

¶ 4 For reversal, Joe contends that he is a "person interested". He and Dale owned a total of approximately two-thirds of the shares of stock of Wood Oil Company, an Oklahoma corporation. Thus, together they owned the controlling interest in the company. Joe owned approximately one-third of the company's stock, and Dale owned approximately one-third. The other one-third was owned by a relative who is not involved in this appeal. On January 29, 1998, Dale, Joe and the company entered into a shareholders' contract relating to that corporate stock. The stock was to be voted as a unit. An attorney in fact was appointed to vote the

stock at all proper times. Currently, Joe is the attorney in fact. The term of the contract was ten years, or until the company is dissolved, or until the parties agree to terminate the contract. Also, they agreed, in the event of Dale's death, Joe would have an option to purchase his shares. Joe alleges that the 1999 will which is offered for probate contains a provision granting Appellee the power to sell Dale's stock. This, Joe says, gives Appellee the power to sell decedent's corporate stock and defeat Joe's rights and powers under the contract. All of which, Joe contends, makes him a "person interested". The trial court did not agree with Joe. In effect, the trial judge commented that Joe had an interesting argument but he was not persuaded to hold in his favor. We agree with the trial court.

¶ 5 Shares of stock in a corporation constitute personal property. The probate code contains statutes which authorize and control the sale of personal property under specified circumstances. For whatever it is worth in this case, an argument can be made that the power of sale in the alleged will may be more restrictive in some instances than the probate code. We express no opinion in that respect other than to quote the material portion of the alleged will. It is as follows:

*Section 6.5 Power of Sale, Other Disposition.* My Personal Representative will have the authority at any time and from time to time to sell, exchange, lease or otherwise dispose of legal and equitable title to any property upon such terms and conditions and for such consideration as my Personal Representative will consider reasonable. The execution of any document of conveyance or lease by my Personal Representative will be sufficient to transfer complete title to the interest conveyed without the joinder, ratification or consent of any person beneficially interested in the property, the estate or Trust. **This authority of my Personal Representative will however be subject to the approval of the Probate Court.** No purchaser, tenant, transferee or obligor will have any obligation whatever to see to the application of payments made to my Personal Representative. My Personal Representative will also have the authority to borrow or lend money, secured or unsecured, upon such terms and conditions and for such reasons as may be perceived as reasonable at the time the loan was made or obtained. (Emphasis supplied.)

¶ 6 Section 3 of the January 29, 1998 Shareholders Contract is as follows:

3.1. *Endorsement.* Each shareholder will deliver to the Company's Secretary promptly after the date the Shareholder becomes a party to this Agreement, all of his certificates of the Stock, and the Company's Secretary will endorse them as follows:

The shares of Stock represented by this certificate are restricted by the provisions of a Shareholders' Agreement dated January 29, 1998, by and among the Shareholders of the Company and the Company itself.

3.2. *Return of Shares.* After this endorsement has been placed on the certificates, the Company will return them to the Shareholders.

3.3. *New Stock.* All certificates for shares of the Stock issued to either Shareholder while this Agreement is in effect shall also bear this endorsement.

¶ 7 Joe contends the court erred in sustaining an objection to his offer of a previous will executed by Dale in 1955. He argues that the 1955 will would require the 1998 shareholders agreement to be honored by Appellee and a trustee. Joe concedes that he is not a beneficiary of the 1955 will. While that document was not received in evidence, a copy is in the Appellate record; and, Joe is not mentioned therein. We fail to perceive any way that the 1955 will has any bearing on Joe's standing to contest the 1999 will, and see no error in the court's ruling.

¶ 8 Prior to his death Dale filed an action against Joe and the oil company seeking to invalidate the 1998 shareholders agreement. That action was pending when Dale died and was pending when the trial court dismissed Joe's contest of the 1999 will. The record shows that Appellee filed a petition to be appointed Special Personal Representative on the same day he filed the petition to admit the 1999 will to probate. Appellee was ap-

pointed Special Personal Representative so that he could continue to prosecute Dale's action to cancel the 1998 agreement. This is the reason that Appellee is Special Personal Representative at the same time he is proponent of the 1999 will and petitioner for Letters Testamentary on the estate.

¶ 9 The Supreme Court and the Court of Civil Appeals have considered Section 29, supra, on several occasions. See *Washington and Lee University v. District Court of Oklahoma County, Probate Division*, 1971 OK 137, 492 P.2d 320 ; *Dillow v. Campbell*, 1969 OK 63, 453 P.2d 710 ; *McCoy v. Lewis*, 1933 OK 640, 166 Okla. 245, 27 P.2d 350; and, *In the Matter of the Estates of Alexander*, 1980 OK CIV APP 66, 622 P.2d 1091.

¶ 10 In *McCoy v. Lewis*, 1933 OK 640, 166 Okla. 245, 27 P.2d 350, a decedent had executed a will leaving all of her property to her grandchildren. Decedent's children had all preceded her in death. Decedent's surviving sister and surviving nieces and nephews contested the will. The county court sustained grandchildrens' demurrer to the contest and admitted the will to probate. On appeal, the district court affirmed. Contestants appealed to the Supreme Court. The Supreme Court held that the surviving sister and the nieces and nephews had no standing to contest the will because they would not have an interest in the estate under Oklahoma's statutes on descent and distribution, but for the will. The syllabus by the court in *McCoy v. Lewis* is as follows:

1. Under section 1103, C.O.S.1921, the only persons who may contest the probate of a will are persons having an interest in the estate of the deceased.

2. In its legal sense as used in statutes and wills and deeds and other instruments, "issue" means descendants, lineal descendants, offspring. *Schafer v. Ballon[Ballou]*, 35 Okl. 169, 128 P. 498.

3. Under our statutes, grandchildren, being lineal descendants, inherit to the exclusion of a sister, nieces and nephews of the deceased.

4. Record examined, and *held*, judgment affirmed.

¶ 11 In *Dillow v. Campbell*, 1969 OK 63, 453 P.2d 710, the court held that a person named in a will to be the executor and then the trustee of a testamentary trust was not a "person interested" and had no right, standing alone, to contest a codicil. The codicil revoked his appointment as executor and trustee. He lacked standing because he was not an heir at law, or beneficiary of the will, but for the codicil.[1] That court held:

An executor or trustee of a testamentary trust nominated in a valid will and deposed in a valid codicil is not an interested person as that phrase is intended in 58 O.S. 1961, § 29 as amended 58 O.S. Supp.1967 § 29.

The *Dillow v. Campbell* court pointed out that while an executor or trustee may be entitled to the emoluments accruing for his services he has no beneficial or pecuniary interest in the property of the estate.

¶ 12 The Court of Appeals in the case of *In the Matter of the Estates of Alexander*, 1980 OK CIV APP 66, 622 P.2d 1091, held:

A person is interested under 58 O.S.1971, § 29 if the will interferes with a direct pecuniary interest that would have arisen under the intestacy laws but for the purported will.

¶ 13 In *Washington and Lee University v. District Court of Oklahoma County, Probate Division*, 1971 OK 137, 492 P.2d 320, a surviving spouse was held not to be a "person interested" under § 29 and therefore lacked standing to contest her deceased husband's will. They had executed an antenuptial agreement. During his lifetime she had commenced an action to set aside the antenuptial agreement. The court held:

*Syllabus by the Court*

1. 58 O.S.1961, § 29, provides that any person interested may appear and contest the will. The term "any person interested" as used therein, means any person having such a direct pecuniary interest in

---

1. Another contestant, who had standing, was held to have the right to contest the codicil, but

that is not material to the issue being considered.

the devolution of the testator's estate that his interest would be impaired or defeated if the will were admitted to probate, or his interest would be benefitted if the will were denied admission to probate.

2. A surviving spouse of a testator is not a "person interested" as those words are used in 58 O.S.1961, § 29, if her interest in her husband's estate would not be impaired or defeated if the will were admitted to probate, or her interest would not be benefitted if the will were denied admission to probate.

In addition to the above holding, the *Washington and Lee University* court said:

If the surviving widow is successful in setting aside the alleged antenuptial agreement, she will have the right by virtue of 84 O.S.1961, § 44, (forced heir statute) to elect to take under the laws of succession or under the will. *In re Rettenmeyer's Estate*, Okl., 345 P.2d 872 (1959).

If the surviving widow is not successful in setting aside the alleged antenuptial agreement, the antenuptial agreement will be enforceable because § 44, supra, expressly authorizes antenuptial agreements between persons contemplating marriage which determine the prospective rights of each in the property of both parties during and after marriage. *In re Cobb's Estate*, Okl., 305 P.2d 1028 (1956). Since it would be enforceable, the surviving widow would have no right of election to take under the will or under the laws of succession. *In re Blaydes' Estate*, 202 Okl., 558, 216 P.2d 277 (1950); and *Rettenmeyer's Estate*, supra. Although the final adjudication of the surviving widow's action to set aside the antenuptial agreement will be material in the distribution of testator's estate, this does not necessarily mean that such pending action or its final adjudication is material or pertinent in determining whether or not the surviving widow is entitled to contest her husband's will.

\* \* \* \*

If the surviving widow is successful in setting aside the antenuptial agreement, she would have the right of election as a "forced heir" but the record does not indicate that she would receive a greater inter-est in her husband's estate if the will were denied admission to probate, or receive a lesser interest if the will were admitted to probate. This analysis is grounded on the proposition that if the will is denied admission to probate, the surviving widow's distributive interest in her husband's estate would be determined by the laws of succession; and if the will is admitted to probate, she could exercise her right of election and her distributive interest would also be determined by the laws of succession.

If the surviving wife is not successful in setting aside the antenuptial agreement, she would not receive a greater interest in her husband's estate if the will were denied admission to probate, or receive a lessor interest if the will were admitted to probate.

¶ 14 Obviously, Joe will not receive any distributive share of Dale's estate. This is true whether the alleged will is admitted to probate or is denied probate. Under all of the authorities cited by the parties, or otherwise considered by this Court, Joe lacks standing to contest the will, and the trial court's judgment of dismissal of the contest was correct.

¶ 15 Whether Joe or Appellee is successful in the independent action relating to the validity of the stockholder's agreement is not material to this appeal. Dale's stock in the oil company is a part of the property of the estate. That stock is subject to the restrictions contained in the stockholders agreement, if it is valid. Otherwise, those restrictions will not be enforceable. This is somewhat similar to the rights of a creditor whose claims are disputed.

■ ¶ 16 Probate appeals are matters of equitable cognizance. We do not find the appealed order to be contrary to law or against the clear weight of the evidence. *In Matter of Estate of Bartlett*, 1984 OK 9, 680 P.2d 369.

¶ 17 AFFIRMED.

¶ 18 CARL B. JONES, P.J., and BUETTNER, J., concur.